UNITED STATES of America,
Plaintiff–Appellee,

v.

Jose Angel GUTIERREZ–SILVA,
Defendant–Appellant.

No. 03–30016.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2003.*

Filed Dec. 30, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

David N. Parmenter, Blackfoot, ID, for the defendant-appellant.

Jack B. Haycock, Assistant United States Attorney, Pocatello, ID, for the plaintiff-appellee.

Before KLEINFELD, GOULD, and TALLMAN, Circuit Judges.

GOULD, Circuit Judge.

We consider a challenge to a 65-month sentence for an alien's illegal reentry to the United States after deportation, imposed consecutively with an unserved state term, where the government had recommended that the federal sentence be for a shorter term and that it run concurrently with the state term.

## I

Defendant–Appellant Jose Angel Gutierrez–Silva ("Gutierrez–Silva") is a citizen of Mexico. Between August 26, 1998 and September 25, 2000, he twice entered the United States illegally, committed crimes, and was deported. After his second deportation, Gutierrez–Silva again illegally reentered the United States for a third time, and thereafter was arrested and charged with delivery of a controlled substance, methamphetamine. While Gutierrez–Silva was serving the resulting state court sentence on the drug charge, he was convicted in federal court of reentering the United States illegally, without the Attorney General's consent in violation of 8 U.S.C. § 1326(a). Appellant pleaded guilty. His offense level was calculated at 21 and his criminal history category at V, which together yielded a guideline imprisonment range of 70 to 87 months.

Gutierrez–Silva and the government entered into a plea agreement, pursuant to Federal Rule of Criminal Procedure 11(e)(1)(B).[1] The government Appellee agreed to recommend a two-level downward adjustment because Gutierrez–Silva acknowledged his identity and agreed not to contest reinstatement of a previous deportation. With the recommended two-level adjustment, Gutierrez–Silva's offense level was 19, again with his criminal history category of V, now yielding a range of 57 to 71 months' imprisonment. In addition to accepting the two-level adjustment, and the resulting sentencing range, the government agreed to recommend that the court impose a sentence at the lower end of that range, to run concurrently with Gutierrez–Silva's undischarged term of imprisonment from the state court conviction.

Although the district court accepted and deferred to the parties' stipulation regarding the two-level adjustment on offense level, the district court set Gutierrez–Silva's sentence at 65 months, which falls in the middle of the applicable guideline range after making the agreed offense level adjustment. The court also decided that Gutierrez–Silva's sentence was to run consecutively, rather than concurrently, to the state court sentence that Gutierrez–Silva was already serving at the time of the sentencing hearing for the illegal reentry charge. The district court reasoned and explained to Appellant:

> [I]t's obvious to me that you didn't learn any lessons from your prior period of incarceration, which was fairly short in length. It is my view that apparently we're not getting your attention, and that, therefore, the sentence which I've imposed here, essentially in the middle of the guidelines but running consecutive to your State sentence, will perhaps get your attention. And after you have served five and a half years in a federal prison, perhaps you will realize that if you continue to break the laws of this country, you will continue to be sent back to prison.... [2]

On appeal to us, Gutierrez–Silva contends that the district court erred by imposing an excessive sentence, both because it sentenced him to 65 months and because the sentence was to run consecutively with the state term of imprisonment. Gutierrez–Silva argues that the district court's refusal to sentence him per his agreement with the government was an abuse of discretion.

1. In 2002, Rule 11 was amended and reorganized. Old sub-section (e)(1)(B) is now found at subsection (c)(1)(B). This type of plea agreement is significant because the district court is not obligated to abide by the parties' recommendations in fashioning an appropriate sentence, and the defendant may not withdraw from the plea if the court fails to follow the recommendations.

2. Later in the sentencing hearing, the court acknowledged that it had "imposed a sentence that is longer than what even the Government has recommended," and gave reasons for doing so: "You [Gutierrez–Silva] have exhibited a willingness to repeatedly flaunt the laws of this country relating to drug-trafficking. I have absolutely no confidence that you will remain outside the United States once your sentence has been completed and you are deported, and it is my hope that by imposing this sentence, that you will learn the lesson; that if you reenter this country illegally, and specifically if you engage in any type of drug-related activity, I am confident that you will again be sentenced to yet another long term in a federal prison, perhaps for as much as the rest of your life." Further, the court stated that the defendant "earned" his sentence because of his "prior conduct of engaging in drug-trafficking, being deported, and then within months reentering this country, only to be arrested again on a drug offense, and then repeated that yet a third time."

## II

We first address Gutierrez–Silva's challenge to the 65–month term of imprisonment. A salient feature of the prescribed term of 65 months is that it fell within the guideline range of 57 to 71 months applicable after the two-level downward adjustment. Thus, Gutierrez–Silva's appeal, insofar as it challenges the length of his term, runs squarely into the rule that we have no jurisdiction to review a district court's sentence imposed within the correctly applied guideline range. *See U.S. v. Pelayo-Bautista,* 907 F.2d 99, 101 (9th Cir.1990). We dismiss that part of Gutierrez–Silva's appeal.

## III

We next address the parties' stipulated desire for a concurrent sentence and Gu-tierrez–Silva's challenge to the court's imposition of a 65–month sentence to run consecutive to his state term. Because Gutierrez–Silva was serving an undischarged state term at the time that he was sentenced in federal court for illegal reentry, the district court was empowered by the Sentencing Guidelines to decide if the sentence should "run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." U.S.S.G. § 5G1.3(c).[3] Application Note 3 to U.S.S.G. § 5G1.3(c) states that in determining whether to impose a concurrent sentence or a consecutive sentence, the court should consider the factors set forth in 18 U.S.C. § 3584, which refers to the factors in 18 U.S.C. § 3553(a).[4]

3. Gutierrez–Silva's case does not fall within the purview of U.S.S.G. § 5G1.3(a) or § 5G1.3(b), which mandate consecutive and concurrent terms of imprisonment, respectively. Section 5G1.3(a) states that "If the instant offense was committed while the defendant was serving a term of imprisonment . . . or after sentencing for, but before commencing service of, such term of imprisonment, the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment." Section 5G1.3(b) states that "[i]f subsection (a) does not apply, and the undischarged term of imprisonment resulted from offense(s) that have been fully taken into account in the determination of the offense level for the second offense, the sentence for the instant offense shall be imposed to run concurrently to the discharged term of imprisonment." Because Gutierrez–Silva committed the offense of illegal reentry before he was convicted and sentenced for the state drug trafficking charge, and because the district court did not take into account the state court sentence when it determined the offense level for Gutierrez–Silva's charge of illegal reentry, it was proper for the district court to exercise its discretion under U.S.S.G. § 5G1.3(c) to impose either a consecutive or a concurrent sentence. Gutierrez–Silva does not contest that U.S.S.G. § 5G1.3(c) applies.

4. Application Note 3 to U.S.S.G. § 5G1.3(c) states that a sentencing court should consider the following factors when it decides to impose a consecutive or concurrent sentence: (a) the type and length of the prior undischarged sentence; (b) the time served on the undischarged sentence and the time likely to be served before release; (c) the fact that the prior undischarged sentence was imposed in state court rather than federal court; and (d) any other circumstances relevant to the determination of an appropriate sentence for the instant offense. In summary, 18 U.S.C. § 3553(a) states that the court shall consider: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to protect the public, deter the defendant, reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (3) the kinds of sentences available; (4) the sentencing range for the offense(s); (5) policy statements by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to give restitution to victims of the offense.

■ The district court considered legitimate and relevant factors in deciding to impose a consecutive sentence. Not only was the court aware of Gutierrez–Silva's prior undischarged sentence, but it also asked the probation officer about the time frame for his parole. The district court was familiar with the nature and circumstances of the offense and the criminal history of the defendant, and was justifiably concerned that each time Gutierrez–Silva was deported, he returned without approval, itself a serious crime, and then committed more drug-related offenses. Reasoning that the consecutive sentence might deter Gutierrez–Silva from committing more crimes, the district court concluded that a consecutive term reflected the seriousness of Gutierrez–Silva's repeated offenses of illegal reentry and drug distribution. The court's sentence was a condign punishment for it fittingly resulted from Gutierrez–Silva's established cycle of drug crimes, arrests, convictions, deportations, and illegal reentries, bringing Gutierrez–Silva back to commit still more drug crimes.

The district court, determined to break this illicit cycle, made a conscious and reasoned decision not to follow the parties' plea agreement recommending the concurrent sentence. The district court analyzed the sentencing issues thoughtfully within applicable legal constraints. The district court did not abuse its discretion.

■ In 1999, Rule 11 was amended, and the "amendment makes it clear that this type of agreement is not binding on the court." Fed. R.Crim. Pro. 11 Advisory Committee Notes to 1999 Amendments, Subdivision (e).[5] *See United States v. Gamma Tech Indus., Inc.,* 265 F.3d 917,

925 (9th Cir.2001) ("[T]he court does not improperly intrude on an executive function when it refuses to follow the terms of a plea agreement"). Further, "though the district court should give some heed to the views of others, it is the sentencing judge's job to set the penalty for criminal violations, and the district court, when advised, has wide discretion to act in the interest of the defendant and the public." *United States v. Hurt,* 345 F.3d 1033, 1036 (9th Cir.2003). The decision to make the sentence consecutive was not an abuse of discretion.

## IV

Gutierrez–Silva's challenge to the 65-month length of his term of imprisonment for illegal reentry is barred because that term was indisputably within the applicable guideline range. We dismiss that challenge for want of jurisdiction.

Gutierrez–Silva's remaining challenge to the federal term being imposed consecutive to his undischarged state term is within our jurisdiction, but the sentence imposed was not an abuse of discretion.

**DISMISSED IN PART, AFFIRMED IN PART.**

---

**5.** We do not suggest that it was not clear before the amendment that the court was not bound by recommendations in an 11(e)(1)(B) agreement.