**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Jose OROZCO–MADRIGAL,**
**Defendant—Appellant.**

No. 03–30172.

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2004.*

Decided March 30, 2004.

Kim R. Lindquist, Esq., Office of the U.S. Attorney, Boise, ID, for Plaintiff–Appellee.

James K. Ball, Manweiler Manweiler Breen & Ball, PLLC, Boise, ID, for Defendant–Appellant.

Before: B. FLETCHER, WARDLAW, and BEA, Circuit Judges.

MEMORANDUM **

Jose Orozco–Madrigal appeals the district court's April 11, 2003 decision ordering his illegal reentry sentence to be served consecutively to, rather than concurrently with, his federal sentence for violation of supervised release and his Idaho criminal sentences. We review de novo the district court's interpretation of the United States Sentencing Guidelines. *United States v. Allen*, 341 F.3d 870, 892

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

(9th Cir.2003). The district court's application of the Guidelines to the facts of a particular case is reviewed for an abuse of discretion. *Id.*

The district court had discretion to sentence Orozco–Madrigal either concurrently or consecutively pursuant to U.S.S.G. § 5G1.3(c) (Jan.2003). *United States v. Arellano–Torres,* 303 F.3d 1173, 1181 (9th Cir.2002). Orozco–Madrigal argues that the district court believed it did not have discretion under the Guidelines and that it consequently committed legal error because it stated that it "must impose the instant sentence consecutive to the revocation sentence." However, defense counsel stated moments later: "If you're going to proceed under subsection C and [sic] you've got the discretion to not impose consecutive sentences." The district court replied: "Well, I agree with that."

The district court was aware of and exercised its discretion under the Guidelines in choosing to sentence Orozco–Madrigal consecutively rather than concurrently. *See id.* Likewise, the record shows that during the sentencing hearing the district court considered relevant factors referenced by U.S.S.G. § 5G1.3, cmt. n. 3 when it ordered Orozco–Madrigal's sentence to be served consecutively to his state sentences and his other federal sentence. The district court therefore did not abuse its discretion in ordering consecutive sentences in this case. *See United States v. Gutierrez–Silva,* 353 F.3d 819, 823 (9th Cir.2003).

AFFIRMED.

