**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jerry Wayne MAYFIELD,**
**Defendant–Appellant.**

**No. 02–50381.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 13, 2004 \*.

Filed Oct. 29, 2004.

Fed. R.App. P. 34(a)(2).

David R. Evans, Pasadena, CA, for the defendant-appellant.

Teresa Mack, Assistant United States Attorney, Los Angeles, CA, for the plaintiff-appellee.

Before THOMPSON, SILVERMAN, and WARDLAW, Circuit Judges.

. DAVID R. THOMPSON, Circuit Judge:

Defendant-appellant Jerry Wayne Mayfield appeals his sentence, imposed following his conviction after a jury trial, for possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a). We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

## I. BACKGROUND

On March 25, 1997, an indictment was filed in the Central District of California charging Jerry Wayne Mayfield and Manyale D. Gilbert with possession with the intent to distribute 552.8 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). On April 19, 1997, Mayfield and Gilbert entered pleas of not guilty. On July 18, 1997, the government filed an information pursuant to 21 U.S.C. § 851(a) "Establishing [a] Prior Felony Narcotics Conviction" as to Mayfield. Beginning September 23, 1997, Mayfield and Gilbert were tried jointly on the charge set forth in the indictment. After four days of trial, the jury returned a verdict of guilty as to both defendants. The district court sentenced Mayfield to 360 months in prison.

Mayfield appealed his conviction. We held that the district court abused its discretion by failing to sever his trial from Gilbert's trial, and by not employing alternative means of mitigating the risk of prejudice. *United States v. Mayfield,* 189 F.3d 895 (9th Cir.1999). We reversed Mayfield's conviction and remanded for a new trial. Upon remand, Mayfield was individually retried on the indictment and was once again found guilty by jury verdict.

At his sentencing hearing, Mayfield objected to the Presentence Report's proposed application of an enhanced penalty under 21 U.S.C. § 841(b)(1)(A) on the basis of his alleged prior felony drug conviction. Defense counsel argued that the enhanced 20–year mandatory minimum term of imprisonment should not apply because the government did not refile the information alleging the prior felony drug conviction before Mayfield's second trial. The district court rejected defense counsel's argument, finding that Mayfield had received timely and adequate notice of the prior conviction.

The district court thereupon arraigned Mayfield on the information which charged him with the prior felony drug conviction. Mayfield initially pled "not guilty" to that charge, but after he was shown a transcript of testimony he had given at the first trial (in which he admitted to having been convicted of the prior felony drug offense), Mayfield admitted that prior conviction and changed his plea to the information to "guilty." Based upon this admission, the court determined that the 20–year mandatory minimum sentence of § 841(b)(1)(A) applied. The court found that Mayfield's total offense level was 38 and criminal history category was II, resulting in a Guidelines range of 262 to 327 months. The court imposed a sentence of imprisonment for 262 months, a 10–year term of supervised release, and a $100 special assessment.

In this appeal, Mayfield contends that 21 U.S.C. § 851(a) required the government, after our remand following the first trial and prior to the second trial, to refile the information charging the prior felony drug conviction. As a result of the government's failure to do so, Mayfield argues, the district court violated his due process rights by applying the enhanced mandatory minimum penalties of 21 U.S.C. § 841(b)(1)(A).

## II. DISCUSSION

### A.

█ The sufficiency of a section 851(a) sentencing information is a question of law which we review de novo. *United States v. Hamilton*, 208 F.3d 1165, 1168 (9th Cir. 2000); *United States v. King*, 127 F.3d 483, 488 (6th Cir.1997).

In his second trial, Mayfield was convicted of possession with intent to distribute 522.8 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). Under 21 U.S.C. § 841(b)(1)(a), that offense carries a minimum term of imprisonment of 10 years, or 20 years if the defendant previously was convicted of a felony drug offense. In addition, if the defendant was previously convicted of a felony drug offense, the sentencing court must impose a term of supervised release of at least 10 years.

█ A sentencing court cannot, however, enhance the sentence of a defendant convicted of a drug offense under section 841(a) on the basis of a prior felony drug conviction unless the government complies with the requirements of 21 U.S.C. § 851(a). *United States v. Severino*, 316 F.3d 939, 942–43 (9th Cir.2003).

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, *unless before trial*, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a) (emphasis added).

Although section 851(a) does not specifically address the government's obligation concerning filing an information and giving the required notice in the event of a retrial, both a fair reading of the language of the statute and an examination of its purposes support the conclusion that the government is not required to refile a section 851(a) information and again give the required notice prior to a defendant's retrial.

█ The only time constraint fairly suggested by the plain language of section 851(a) is the requirement that the information be filed, and notice be given, "before trial." The statute says nothing about refiling the information or regiving notice in the event of a retrial. This is not surprising. Section 851(a) was enacted to fulfill the due process requirements of reasonable notice and an opportunity to be heard with regard to the prior conviction. *United States v. Gonzalez–Lerma*, 14 F.3d 1479, 1485 (10th Cir.1994). As we have explained, "Section 851(a) ensures proper notice so a defendant is able to challenge the information. . . . It allows a defendant to make an informed decision about whether or not to plead guilty." *United States v. Hamilton*, 208 F.3d 1165, 1168(9th Cir. 2000). Thus, although section 851(a) "requires strict compliance with the procedural aspects[,] . . . [a]s long as the information provides clear notice to a defendant of the prior convictions (and the court gives an opportunity to attack convictions less than five years old), then the statute has been satisfied." *Id.* at 1169. *See also Kelly v. United States*, 29 F.3d 1107, 1109 (7th Cir.1994) ("Section 851(a) serves a[n] . . . additional purpose, to inform the defendant that she faces severe consequences if convicted. This procedure, one would hope, should lead to better informed decisions whether to proceed to trial."), *overruled in part on other grounds by United States v. Ceballos*, 302 F.3d 679, 690 (7th Cir.2002).

In sum, filing the information and giving the section 851(a) notice before Mayfield's first trial obviated any need to refile the

information and regive notice before his second trial. This view is supported by *United States v. Williams,* 59 F.3d 1180 (11th Cir.1995). There, the Eleventh Circuit considered the issue we confront in this case. The defendant in *Williams* was charged with knowingly conspiring to possess with the intent to distribute marijuana and attempted possession with the intent to distribute marijuana in violation of 21 U.S.C. §§ 841 and 846. *Id.* at 1182. His first trial resulted in a conviction that was subsequently reversed, his second trial ended in a mistrial due to juror misconduct, and his third trial resulted in a guilty verdict. *Id.* The government filed an information alleging a prior felony drug conviction prior to the first trial but did not refile the information prior to the third trial. *Id.* at 1185. The district court refused to consider the prior conviction for purposes of sentencing enhancement and the government appealed. *Id.*

On appeal, the Eleventh Circuit held that the government had complied with section 851(a) because the information was filed "before trial." *Id.* The court also commented that there appeared to be no support in the statute, in the cases, or in reason for a requirement that an information pursuant to section 851(a) had to be filed, and notice served, before the first trial and then refiled and re-served before any retrial. "The established purposes of the filing and service are fully met upon the first filing and service, at least where the case involves the same attorneys, the same court, and the same indictment." *Id.*[1]

We conclude that the government's initial filing of the information pursuant to 21 U.S.C. § 851(a) and its compliance with the notice provision of that statute complied with the statute and satisfied Mayfield's due process rights; refiling the information and regiving the notice after the first trial and before the second trial was not required.

### B.

At the time of sentencing, in arriving at a total offense level of 38, the district court applied a two-level enhancement pursuant to § 2D1.1 of the Sentencing Guidelines. The court found that in committing the charged drug offense, Mayfield possessed a firearm. It is unclear from the record whether the facts underlying this enhancement were found by the jury. Accordingly, we consider whether *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), or its progeny, require us to vacate Mayfield's sentence and remand for resentencing.

■ In *Blakely,* the Supreme Court clarified that the term "statutory maximum" for purposes of *Apprendi v. New Jersey,* 530 U.S. 466, 483, 488, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), is "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely,* —— U.S. at ——, 124 S.Ct. at 2537 (emphasis in original).

In *Blakely,* the "standard range" for second-degree kidnaping with a firearm under Washington law was 49 to 53 months. *Id.* at 2535. The Washington state court sentenced Blakely to 90 months under the "exceptional sentence" provision

---

1. In the present case, the district court docket indicates that a different attorney represented Mayfield after the remand from this court following the first trial. However, the fact that Mayfield was not continuously represented by the same attorney makes no difference.

Upon remand, the parties were returned to the same criminal proceedings based on the same indictment and the same section 851(a) information before the same court (albeit before a different judge).

of Washington's Sentencing Reform Act, which authorizes a judge to impose a sentence above the standard range if the judge finds "substantial and compelling reasons justifying an exceptional sentence." *Id.* Because the relevant facts underlying the state court's enhanced sentence were not submitted to and found by the jury, the Court vacated Blakely's sentence, reversed the judgment of the state court, and remanded. *Id.* at 2543.

Similarly, in *United States v. Ameline*, based on Ameline's admission of distributing a detectable amount of methamphetamine, without any additional jury findings, Ameline's sentencing range would have been 10 to 16 months under the Guidelines. 376 F.3d 967, 976 (9th Cir. 2004). However, based on the judge's factual findings regarding drug quantity and possession of a firearm, Ameline's Guideline range was 135 to 168 months. *Id.* at 975. Ameline received a sentence of 150 months. *Id.* at 972. Applying *Blakely*, we vacated Ameline's sentence and remanded for resentencing. *Id.* at 984.

Here, Mayfield was sentenced to 262 months. Without the two-level upward adjustment for the firearm, the applicable sentencing range would have been 210–262 months, based on a total offense level of 36 and a criminal history category of II. Mayfield's sentence of 262 months falls within the upper-most part of this range. Therefore, the district court did not violate the principles of *Blakely* because the court could have imposed a 262–month sentence solely on the basis of the facts reflected by the jury's verdict. Whether the court actually would have sentenced Mayfield to a term of imprisonment of 262 months in the absence of the two-point enhancement is unknown. Nonetheless, because the sentence imposed by the district court was within the applicable Guidelines sentencing range under the facts found by the jury, the 262–month sentence imposed by the court does not offend the Sixth Amendment as interpreted by the Supreme Court in *Blakely*, or by our court in *Ameline*.

### III. CONCLUSION

The government is not required by 21 U.S.C. § 851(a) or by due process constraints to refile an information charging a prior felony drug conviction, and regive the notice required by section 851(a), before the start of a defendant's retrial. Accordingly, the district court did not err in sentencing Mayfield in light of the enhanced penalties provided under 21 U.S.C. § 841(b)(1)(A). Nor did the district court violate *Blakely* or *Ameline* by the 262–month sentence it imposed.

AFFIRMED.