**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose Abel HERNANDEZ–CASTRO, Defendant—Appellant.**

No. 04–50129.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 9, 2004.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

US Attorney's Office, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff—Appellee.

John R. Kraemer, United States Department of Justice, San Diego, CA, Robert L. Swain, Esq., Swain & Vance, San Diego, CA, for Defendant—Appellant.

Before: GOODWIN, WALLACE, and TROTT, Circuit Judges.

---

** This disposition is not appropriate for publication and may not be cited to or by the

## MEMORANDUM **

Jose Abel Hernandez–Castro appeals the district court's judgment sentencing him to eighteen months in prison upon the revocation of his term of supervised release. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion, *United States v. George,* 184 F.3d 1119, 1120 (9th Cir.1999), and we affirm.

Hernandez–Castro contends that the district court did not consider mitigating evidence because the court mistakenly believed it was required under U.S.S.G. § 7B1.3(f) to impose the revocation sentence consecutively to Hernandez–Castro's sentence for entering the United States illegally. We disagree. The record reveals that the district court adequately considered the discretionary factors for imposing a consecutive sentence, rather than a concurrent one, upon revocation of supervised release. *See, e.g., United States v. Gutierrez–Silva,* 353 F.3d 819, 823 (9th Cir.2003); *see also United States v. Lockard,* 910 F.2d 542, 544 (9th Cir. 1990).

Hernandez–Castro also contends that the district court violated the Double Jeopardy Clause by punishing him twice, through consecutive sentences, for the criminal conduct that violated his supervised release agreement. This contention is foreclosed by *United States v. Soto–Olivas,* 44 F.3d 788, 791 (9th Cir.1995).

Hernandez–Castro contends further that the district court violated his Due Process rights by failing to consider his argument for leniency. This claim is belied by the record.

Because Hernandez–Castro admitted all of the facts upon which his consecu-

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tive sentence was based and was sentenced within the applicable Guidelines range, the district court did not engage in improper judicial fact-finding. *See United States v. Mayfield,* 386 F.3d 1301, 1305–06 (9th Cir. 2004); *see also United States v. Jordan,* 291 F.3d 1091, 1097 (9th Cir.2002).

AFFIRMED.