**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
  *Plaintiff-Appellee,*

v.

JERRY WAYNE MAYFIELD,
  *Defendant-Appellant.*

No. 02-50381

D.C. No.
CR-97-00269-
CAS-01

OPINION

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted September 13, 2004*
Pasadena, California

Filed August 10, 2005

Before: David R. Thompson, Barry G. Silverman, and
Kim McLane Wardlaw, Circuit Judges.

Opinion by Judge Thompson

---

*This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

10357

## COUNSEL

David R. Evans, Pasadena, California, for the defendant-appellant.

Tresa Mack, Assistant United States Attorney, Los Angeles, California, for the plaintiff-appellee.

**OPINION**

THOMPSON, Senior Circuit Judge:

This opinion replaces our previous opinion, *United States v. Mayfield*, filed October 29, 2004, and published at 386 F.3d 1301 (9th Cir. 2004), which has been withdrawn.

Defendant-appellant Jerry Wayne Mayfield appeals his sentence, imposed following his conviction after a jury trial, for possession of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a). Mayfield contends the enhanced mandatory minimum sentence required by 21 U.S.C. § 841(b)(1)(A) may not be imposed consistent with due process when the government fails to refile an information charging a prior felony drug conviction before a second trial. We conclude the government is not required to refile an information charging a prior felony drug conviction, which information it filed before the first trial, for purposes of applying a sentencing enhancement under 21 U.S.C. § 841(b)(1)(A). We nevertheless remand for the district court's further consideration of Mayfield's sentence in light of *United States v. Booker*, 125 S. Ct. 738 (2005), and *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc).

## I. BACKGROUND

On March 25, 1997, an indictment was filed in the Central District of California charging Jerry Wayne Mayfield and Manyale D. Gilbert with possession with the intent to distribute 552.8 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1). On April 19, 1997, Mayfield and Gilbert entered pleas of not guilty. On July 18, 1997, the government filed an information pursuant to 21 U.S.C. § 851(a) "Establishing [a] Prior Felony Narcotics Conviction" as to Mayfield. Beginning September 23, 1997, Mayfield and Gilbert were tried jointly on the charge set forth in the indictment. After four days of trial, the jury returned a verdict of guilty as to both defen-

dants. The district court sentenced Mayfield to 360 months in prison.

Mayfield appealed his conviction. We held that the district court abused its discretion by failing to sever his trial from Gilbert's trial, and by not employing alternative means of mitigating the risk of prejudice. *United States v. Mayfield*, 189 F.3d 895 (9th Cir. 1999). We reversed Mayfield's conviction and remanded for a new trial. Upon remand, Mayfield was individually retried on the indictment and was once again found guilty by jury verdict.

At his sentencing hearing, Mayfield objected to the Presentence Report's proposed application of an enhanced penalty under 21 U.S.C. § 841(b)(1)(A) on the basis of his alleged prior felony drug conviction. Defense counsel argued that the enhanced 20-year mandatory minimum term of imprisonment should not apply because the government did not refile the information alleging the prior felony drug conviction before Mayfield's second trial. The district court rejected defense counsel's argument, finding that Mayfield had received timely and adequate notice of the prior conviction.

The district court thereupon arraigned Mayfield on the information which charged him with the prior felony drug conviction. Mayfield initially pled "not guilty" to that charge, but after he was shown a transcript of testimony he had given at the first trial (in which he admitted to having been convicted of the prior felony drug offense), Mayfield admitted that prior conviction and changed his plea to the information to "guilty." Based upon this admission, the court determined that the 20-year mandatory minimum sentence of § 841(b)(1)(A) applied. The court found that Mayfield's total offense level was 38 and his criminal history category was II, resulting in a Guidelines range of 262 to 327 months. The court imposed a sentence of imprisonment of 262 months, a 10-year term of supervised release, and a $100 special assessment.

In this appeal, we first consider Mayfield's contention that 21 U.S.C. § 851(a) required the government, after our remand following the first trial and prior to the second trial, to refile the information charging the prior felony drug conviction. As a result of the government's failure to do so, Mayfield argues, the district court violated his due process rights by applying the enhanced mandatory minimum penalties of 21 U.S.C. § 841(b)(1)(A).

We conclude in following Part A that the district court did not err by applying the enhanced mandatory minimum penalties of 21 U.S.C. § 841(b)(1)(A). In following Part B, however, we remand to the district court for further consideration of Mayfield's sentence in light of *Booker*, 125 S. Ct. at 769 (opinion of Breyer, J.), and *Ameline*, 409 F.3d at 1084-85.

## II.    DISCUSSION

### A.

The sufficiency of a 21 U.S.C. § 851(a) sentencing information is a question of law which we review de novo. *United States v. Hamilton*, 208 F.3d 1165, 1168 (9th Cir. 2000); *United States v. King*, 127 F.3d 483, 487-88 (6th Cir. 1997).

In his second trial, Mayfield was convicted of possession with intent to distribute 522.8 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). Under 21 U.S.C. § 841(b)(1)(A), that offense carries a minimum term of imprisonment of 10 years, or 20 years if the defendant previously was convicted of a felony drug offense. In addition, if the defendant previously was convicted of a felony drug offense, the sentencing court must impose a term of supervised release of at least 10 years.

[1] A sentencing court cannot, however, enhance the sentence of a defendant convicted of a drug offense under 21 U.S.C. § 841(a) on the basis of a prior felony drug conviction

unless the government complies with the requirements of 21 U.S.C. § 851(a). *See United States v. Severino*, 316 F.3d 939, 942-43 (9th Cir. 2003) (en banc).

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, *unless before trial*, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a) (emphasis added).

Although section 851(a) does not specifically address the government's obligation concerning filing an information and giving the required notice in the event of a retrial, both a fair reading of the language of the statute and an examination of its purposes support the conclusion that the government is not required to refile a section 851(a) information and again give the required notice prior to a defendant's retrial.

[2] The only time-constraint fairly suggested by the plain language of section 851(a) is the requirement that the information be filed, and notice be given, "before trial." The statute says nothing about refiling the information or regiving notice in the event of a retrial. This is not surprising. Section 851(a) was enacted to fulfill the due process requirements of reasonable notice and an opportunity to be heard with regard to the prior conviction. *United States v. Gonzalez-Lerma*, 14 F.3d 1479, 1485 (10th Cir. 1994). As we have explained, "Section 851(a) ensures proper notice so a defendant is able to challenge the information. It allows a defendant to make an informed decision about whether or not to plead guilty." *Hamilton*, 208 F.3d at 1168 (citation omitted). Thus, although section 851(a) "requires strict compliance with the procedural aspects[,] . . . [a]s long as the information provides clear

notice to a defendant of the prior convictions (and the court gives an opportunity to attack convictions less than five years old), then the statute has been satisfied." *Id.* at 1169; s*ee also Kelly v. United States*, 29 F.3d 1107, 1109 (7th Cir. 1994) ("Section 851(a) serves a[n] . . . additional purpose, to inform the defendant that she faces severe consequences if convicted. This procedure, one would hope, should lead to better informed decisions whether to proceed to trial."), *overruled in part on other grounds by United States v. Ceballos*, 302 F.3d 679, 690 (7th Cir. 2002).

**[3]** In sum, filing the information and giving the section 851(a) notice before Mayfield's first trial obviated any need to refile the information and regive that notice before his second trial. This view is supported by *United States v. Williams*, 59 F.3d 1180 (11th Cir. 1995). There, the Eleventh Circuit considered the issue we confront in this case. The defendant in *Williams* was charged with knowingly conspiring to possess with the intent to distribute marijuana and attempted possession with the intent to distribute marijuana in violation of 21 U.S.C. §§ 841 and 846. *Id.* at 1182. His first trial resulted in a conviction that was subsequently reversed, his second trial ended in a mistrial due to juror misconduct, and his third trial resulted in a guilty verdict. *Id.* The government filed an information alleging a prior felony drug conviction prior to the first trial but did not refile the information prior to the third trial. *Id.* at 1185. The district court refused to consider the prior conviction for purposes of sentencing enhancement and the government appealed. *Id.*

On appeal, the Eleventh Circuit held that the government had complied with section 851(a) because the information was filed "before trial." *Id.* The court also commented that there appeared to be no support in the statute, in the cases, or in reason for a requirement that an information pursuant to section 851(a) had to be filed, and notice served, before the first trial and then refiled and re-served before any retrial. "The established purposes of the filing and service are fully

met upon the first filing and service, at least where the case involves the same attorneys, the same court, and the same indictment." *Id.*[1]

**[4]** We conclude that the government's initial filing of the information pursuant to 21 U.S.C. § 851(a) and its compliance with the notice provision of that statute before Mayfield's first trial complied with the statute and satisfied Mayfield's due process rights; refiling the information and regiving the notice after the first trial and before the second trial was not required.

*B.*

At the time of sentencing, pursuant to § 2D1.1(b)(1) of the United States Sentencing Guidelines, the district court applied a two-level enhancement to Mayfield's offense level to arrive at a total offense level of 38. The district court did this by finding that in committing the charged drug offense, Mayfield possessed a firearm. It is unclear from the record whether the facts underlying this enhancement were found by the jury.

Without the two-level increase, Mayfield's total offense level would have been 36, and the Guidelines sentencing range, using his criminal history category of II, would have been 210 to 262 months. Using the increased total offense level of 38, Mayfield's Guidelines sentencing range was 262 to 327 months. The district court sentenced Mayfield to 262 months, the minimum permissible Guidelines sentence with the two-level enhancement.

---

[1]In the present case, the district court docket indicates that a different attorney represented Mayfield after the remand from this court following the first trial. However, the fact that Mayfield was not continuously represented by the same attorney makes no difference. Upon remand, the parties were returned to the same criminal proceedings based on the same indictment and the same section 851(a) information before the same court (albeit before a different judge).

In our previous opinion filed October 29, 2004, we affirmed Mayfield's sentence. We held that because the district court could have imposed a 262-month sentence using an offense level of 36, solely on the basis of the facts reflected in the jury's verdict, Mayfield's sentence, although predicated upon an offense level of 38, did not offend the Sixth Amendment as interpreted by the Supreme Court in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), or by our three-judge panel in *United States v. Ameline*, 376 F.3d 967 (9th Cir. 2004), *amended by* 400 F.3d 646 (9th Cir. 2005), *rev'd en banc*, 409 F.3d 1073 (9th Cir. 2005).[2]

We then issued a stay of our decision while we awaited the Supreme Court's decision in *United States v. Booker*, and our en banc court's decision in *Ameline*. Those decisions have now been filed, and in light of them we reconsider the propriety of Mayfield's 262-month sentence, which the district court imposed by relying in part upon its finding of fact that during his drug crime of conviction, Mayfield possessed a firearm.

Because, at the time of sentencing, Mayfield did not object to his sentence on the ground that the Guidelines are advisory,

---

[2]This holding in our previous opinion, published at 386 F.3d 1301, would have been wrong if the Guidelines were mandatory, as opposed to advisory, because a fact found by the court (Mayfield's use of a gun), not by the jury, would have increased Mayfield's *exposure* to a greater sentence, even though the sentence imposed was within the lower, applicable Guidelines range. *Cf. United States v. Thomas*, 355 F.3d 1191, 1201 (9th Cir. 2004) (holding that although the defendant's actual sentence was below the statutory maximum, the jury was required to determine facts underlying an enhancement exposing the defendant to a maximum penalty of life imprisonment); *United States v. Velasco-Heredia*, 319 F.3d 1080, 1085 (9th Cir. 2003) (" '[A]ny fact that . . . exposes the criminal defendant to a penalty *exceeding* the maximum he would receive if punished according to the facts reflected in the jury verdict alone' is a fact that must be submitted to the relevant factfinder and determined beyond a reasonable doubt.") (citing *Harris v. United States*, 536 U.S. 545, 563 (2002) (emphasis in original)). The Supreme Court has since held that the Guidelines are advisory, not mandatory. *Booker*, 125 S. Ct. at 756-57, 764.

not mandatory, we review his sentence for plain error. *Ameline*, 409 F.3d at 1078; *United States v. Moreno-Hernandez*, ___ F.3d ___, No. 03-30387, slip op. at 7793-94 (9th Cir. July 5, 2005). Plain error exists if there is "(1) error, (2) that is plain, and (3) that affects substantial rights." *Ameline*, 409 F.3d at 1078 (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)). If these conditions are met, the court may then "exercise its discretion to notice a forfeited error that (4) 'seriously affects the fairness, integrity, or public reputation of judicial proceedings.' " *Id.*

**[5]** The district court committed an error that was plain by imposing a sentence pursuant to the Guidelines as mandatory, rather than advisory, in nature. *Id.* at 1078. We must thus determine whether Mayfield's substantial rights were affected, that is, whether the record reveals a "reasonable probability that [Mayfield] would have received a different sentence had the district judge known that the sentencing guidelines were advisory." *Id.*

**[6]** Having considered the record before us, we cannot say whether the district court would have imposed a materially different sentence than it did had that court known that the "Guidelines are advisory rather than mandatory." *Id.* at 1083. We therefore remand this case to the district court for its consideration of Mayfield's sentence in accordance with the procedures set forth in *Ameline*. *Id.* at 1084-85. If the district court determines the sentence originally imposed would have been materially different had that district court been aware the guidelines were advisory, "the original sentence will be vacated and the district court will resentence with the defendant present." *Id.* at 1085. If the sentence would not have been materially different, or the defendant promptly notifies the district court of his decision to opt out of resentencing, "the district court judge should place on the record a decision not to resentence, with an appropriate explanation." *Id.* at 1085.

**AFFIRMED IN PART and REMANDED.**