FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-30339 |
| Plaintiff - Appellee, | D.C. No. 1:04-cr-00082-RFC-1 |
| v. | |
| BRIAN EDWARD BARKER, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Argued and Submitted November 3, 2010
Portland, Oregon

Before: ALDISERT, W. FLETCHER and FISHER, Circuit Judges.[**]

Brian Barker appeals three decisions of the district court: (1) that his

interpretation of an ambiguous plea agreement was unreasonable; (2) that the

government's potential duty to disclose was outside the remand and also waived;

and (3) that the 21 U.S.C. § 851 information relied on to impose a mandatory life

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The Honorable Ruggero J. Aldisert, Senior United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

sentence was procedurally valid and substantively adequate.  We affirm because

Barker unreasonably interpreted the plea agreement, waived the duty to disclose

and failed to brief properly a challenge to the § 851 information.


***The Reasonable Meaning of the Plea Agreement***

Our standard of review of a district court's construction of a plea agreement

is uncertain, *see United States v. Transfiguracion*, 442 F.3d 1222, 1227 (9th Cir.

2006), but we need not resolve whether clear error or de novo review applies

because the outcome is the same under either standard.  We analyze the

reasonableness of the defendant's interpretation at the time of his change of plea.

*See United States v. De la Fuente*, 8 F.3d 1333, 1337 & nn.7, 8 (9th Cir. 1993).

The plea agreement said:

> [T]he United States Attorney for Montana shall cause to
> be dismissed with prejudice Counts I and III of the
> indictment as those counts apply to the Defendant and
> <u>shall bring no further action against the Defendant based
> upon the facts alleged in this indictment or the acts or
> occurrences giving rise to this indictment</u>.

(Emphasis added.)  The meaning of the phrase "acts or occurrences giving rise to"

the Missoula indictment cannot reasonably be interpreted to include a transaction

that occurred well after the Missoula indictment.  Even if the drugs found in Butte

2

link the Billings indictment to the Missoula indictment, as reflected in the presentencing reports' relevant conduct sections, the Pich transaction charged in Billings did not give rise to the Missoula indictment. The only ongoing "act or occurrence" that might have linked the Missoula and Billings indictments was the conspiracy charged in the Missoula indictment, but Barker successfully argued in the Billings trial that he did not conspire with Pich and was acquitted on that charge. Even if Barker was part of an ongoing hub and spoke conspiracy, the Pich transaction was not part of it. Moreover, before the plea agreement was signed the government refused to commit to Barker's counsel that no further indictments were contemplated. Under these circumstances, as the district court found, Barker's interpretation of the plea agreement was not objectively reasonable.

### The Duty to Disclose

The district court ruled that it could not reach the government's duty to disclose on remand because the issue was both outside the scope of the remand and waived. We agree. The remand order was limited to an evidentiary hearing on the meaning of the plea agreement, which involved Barker's expectations of disclosure but not the government's liability to disclose. Moreover, Barker waived the argument by not raising it at trial, *see United States v. Cade*, 236 F.3d 463, 467

3

(9th Cir. 2000), and by not distinctly arguing it in his opening brief in the previous appeal, *see James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 n.1 (9th Cir. 2008). There is no manifest injustice in considering this issue waived because Barker already knew of the possibility of further charges, and unreasonably assumed that the plea agreement disclaimed indictment for future acts. *See United States v. Krasn*, 614 F.2d 1229, 1234 (9th Cir 1980).

### *Validity of the § 851 Information*

Barker did not brief the validity of the § 851 information in this appeal, but relied on briefs from his previous appeal and incorporated his argument by reference in his current brief. This waived the argument. *See* Ninth Cir. R. 28-1(b); Fed. R. App. P. 28(a)(9). Further, his previous briefing was itself faulty. He raised two arguments in the previous opening brief, and then made novel arguments in his reply brief. The arguments made for the first time in his previous reply brief were waived at that time. *See Omega Envtl., Inc. v. Gilbarco, Inc.*, 127 F.3d 1157, 1167 (9th Cir. 1997). As to the two issues regarding the § 851 information he briefed properly in the previous appeal, there is no manifest injustice in holding them waived. First, Barker argues that the two state convictions relied on by the § 851 information were part of a single criminal

4

episode, which (if true) might invalidate the information. The convictions were in fact separate, however, and Barker does not appear to have raised this argument at trial. Second, Barker argues that there was no procedurally valid § 851 information filed after his mistrial. The § 851 filing before his first trial was, however, sufficient to support the sentence enhancement. The subsequent filing after the retrial was irrelevant because the superseding indictment was materially indistinct from the original indictment and Barker had actual notice of the government's intent to enhance his sentence. *See United States v. Mayfield*, 418 F.3d 1017, 1019-20 (9th Cir. 2005).

**AFFIRMED**