**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30265 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00343-JLR-1 |
| v. | |
| MIGUEL ANGEL JIMENEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30282 |
| Plaintiff - Appellee, | D.C. No. 2:07-cr-00343-JLR-5 |
| v. | |
| NIVALDO RIASCOS, | |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-30283 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00233-JLR-1 |
| v. | |

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

NIVALDO RIASCOS,

Defendant - Appellant.

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

HECTOR FABIO ZAPATA,

Defendant - Appellant.

No. 12-30028

D.C. No. 2:07-cr-00343-JLR-3

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted March 6, 2013

Seattle, Washington

Before: FERNANDEZ, W. FLETCHER, and RAWLINSON, Circuit Judges.

A jury convicted Defendants Riascos, Zapata, and Jimenez of conspiracy to import a controlled substance to the United States in violation of 21 U.S.C. §§ 952(a), 960(b)(1)(B)(i), and 963, and conspiracy to distribute a controlled substance in the United States in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. The jury also found Defendant Jimenez guilty of conspiracy to launder

2

money in violation of 18 U.S.C. §§ 1956(a)(2)(A) and 1956(h), and money laundering in violation of 18 U.S.C. §§ 1956(a)(2)(A) and 2.  The defendants appeal their convictions, and Defendant Zapata appeals his sentence.  We have jurisdiction pursuant to 28 U.S.C. § 1291 and we largely affirm.

### 1.    Sufficiency of the Evidence

The defendants claim there was insufficient evidence to convict.  We review these claims de novo.  *United States v. Garcia*, 497 F.3d 964, 966-67 (9th Cir. 2007).  Because Defendant Jimenez did not properly preserve this objection with respect to his money laundering charges, we review that claim for plain error.  *United States v. Eriksen*, 639 F.3d 1138, 1148 (9th Cir. 2011).  When reviewing a sufficiency claim, we must "view the evidence in the light most favorable to the prosecution to determine whether 'the jury reasonably could have found the defendant guilty beyond a reasonable doubt.'"  *Garcia,* 497 F.3d at 967 (quoting *United States v. Lothian,* 976 F.2d 1257, 1261 (9th Cir.1992)).

We hold that the government presented sufficient evidence that the defendants intended to import and distribute cocaine in the United States.  The government provided evidence of the conspiracy itself, drug trafficking routes and practices, and the importance of distribution in the United States in order to profit from the venture.  The jury also heard evidence that at least one conspirator

3

acknowledged the final destination. Because there was sufficient evidence to support the conspiracy to distribute counts, there was sufficient evidence to support Jimenez's conspiracy to launder money count and money laundering counts. We therefore hold there was sufficient evidence to support the convictions.

**2.      Expert Testimony**

Defendant Zapata challenged both the adequacy of the expert disclosures and the substance of the expert testimony provided by three DEA agents.

a.      Rule 16 Disclosures

Zapata claims the summaries of the experts' testimony were insufficient under Federal Rule of Criminal Procedure 16. Because no defendant objected at trial to the adequacy of the disclosures, we review for plain error. We hold that the disclosures were sufficient to convey the minimal notice required by Rule 16.

b.      Improper Opinion

Zapata also argues that the experts improperly opined on the intent of the defendants in violation of Federal Rule of Evidence 704(b). The parties dispute the standard of review, but we hold that the arguments fail if reviewed for either an abuse of discretion or plain error.

The experts in this case did not testify to the intent or knowledge of the particular defendants. The experts discussed general trafficking routes, control of

4

the relevant regions at the relevant times, and the likely destination of a shipment of the relevant size departing from the relevant point at the relevant time. The experts testified that they had no personal knowledge of the facts of this case, and their generalized testimony provided appropriate modus operandi testimony. *See United States v. Freeman*, 498 F.3d 893, 906-07 (9th Cir. 2007); *United States v. Younger*, 398 F.3d 1179, 1190 (9th Cir. 2005). The expert testimony did not require the jury to find a certain mental state if the jury credited the experts. *See United States v. Gonzales*, 307 F.3d 906, 911-12 (9th Cir. 2002); *United States v. Morales*, 108 F.3d 1031, 1038 (9th Cir. 1997). We thus hold there was no abuse of discretion or plain error in permitting the testimony.

### 3. Voluntariness of Custodial Statement

Defendant Jimenez challenges the admission of testimony based on his inadmissible custodial statement. Defendant Jimenez claims the statement was involuntary, and so inadmissible for any purpose. We review de novo the district court's determination that a statement was voluntary, but review factual findings for clear error. *United States v. Haswood*, 350 F.3d 1024, 1027 (9th Cir. 2003).

We hold that the government met its burden to prove that Jimenez's statement was voluntary. It was not clearly erroneous for the district court to credit the DEA agent's testimony over Jimenez's. There was no physical coercion, and

5

there is no evidence of impermissible threats or improper promises by the government. We agree with the district court that Jimenez's ultimate refusal to cooperate suggests that the circumstances did not actually compel his statement. *See United States v. Bautista*, 362 F.3d 584, 592-93 (9th Cir. 2004).

### 4. Testimony Based on the Inadmissible Custodial Statement

The defendants challenge the district court's admission of testimony that relied on information a DEA agent received from Defendant Jimenez's inadmissible statement. The district court admitted the testimony only to rebut attacks made by defense counsel on the case agent's investigation and diligence. The court specifically instructed the jury not to consider the evidence for the truth of the matter asserted. The agent did not attribute the evidence to any defendant, nor did he state the basis for his knowledge.

We first hold that there was no error under Federal Rule of Evidence 403. The district court did not abuse its discretion in admitting the testimony, the court offered an adequate limiting instruction, and the record shows the court conducted a sufficient balancing.

We also hold that the admission of the testimony did not infringe on any defendant's rights under the Confrontation Clause. This court reviews de novo claims of Confrontation Clause violations. *United States v. Berry*, 683 F.3d 1015,

6

1020 (9th Cir. 2012). The Confrontation Clause does not bar testimonial statements that are not offered to establish the truth of the matter asserted. *See Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004); *Tennessee v. Street*, 471 U.S. 409, 414 (1985). The testimony in this case was not offered for its truth, but rather as rebuttal of an inference that the government had not been diligent in its investigation. There is no evidence that this rationale was pretextual, or that the scope of the testimony strayed beyond its limited purpose. *Compare United States v. Nguyen*, 565 F.3d 668, 674 (9th Cir. 2009) (finding a statement was offered for the truth where its scope was clearly broader than the claimed non-hearsay justification). We hold that there was no error.

### 5. Guilty Plea Statements

Defendant Riascos claims it was error to admit statements he made pursuant to a 2001 guilty plea. He claims the statements were inadmissible under Federal Rule of Evidence 410. The statements, however, were made pursuant to a completed and valid guilty plea; Riascos did not withdraw his plea, nor did he plead nolo contendere. Rule 410 thus does not apply to his statements, which were admissible.

### 6. Severance Motions

7

Defendants Jimenez and Zapata challenge the district court's denial of their severance motions that were based on admission of Defendant Riascos's prior conviction. Defendant Zapata also challenges the denial of his severance motion that was based on the testimony about his co-defendant's inadmissible statement. We review the district court's denial of a severance motion for an abuse of discretion. *United States v. Stinson*, 647 F.3d 1196, 1205 (9th Cir. 2011) (en banc).

We hold the district court did not abuse its discretion in either situation. First, arguments about the prosecution's closing arguments and cross examination are not factually supported in the record. Second, the district court provided complete and exhaustive limiting instructions. Third, the Confrontation Clause arguments fail for the reasons previously discussed. Neither Zapata nor Jimenez has carried the burden of showing he did not receive a fair trial, or that the limiting instructions were inadequate. *See United States v. Johnson*, 297 F.3d 845, 855 (9th Cir. 2002).

### 7. Sentencing Information

We review de novo the sufficiency of a sentencing information under 21 U.S.C. § 851. *United States v. Mayfield*, 418 F.3d 895, 1019-20 (9th Cir. 1999). Defendant Riascos's argument that the United States Attorney must personally sign

8

the penalty information is meritless and has no basis in the statute. We hold there was no error.

## 8. Sentencing

Defendant Zapata claims the district court failed to consider his mitigation arguments and made improper statements regarding his right to counsel. We review sentences for procedural and substantive reasonableness. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008). We review the district court's sentencing decisions for an abuse of discretion. *Id*. Zapata's arguments find no factual support in the record and are meritless. Under either standard of review posed by the parties, these arguments fail.

## 9. Supervised Release

Defendant Riascos challenges the district court's revocation of his supervised release from his prior conviction, resulting in an additional thirty months' imprisonment (running concurrently). We review the district court's decision to revoke a term of supervised release for an abuse of discretion. *United States v. Verduzco,* 330 F.3d 1182, 1184 (9th Cir. 2003).

Riascos claims revocation was improper because he did not receive proper notice under 18 U.S.C. §§ 3583(f) or 3603(1). If the notice requirements of §§ 3583(f) and 3603(1) are not met, revocation is still appropriate if the defendant

9

received actual notice of his supervised release terms. *United States v. Ortega-Brito*, 311 F.3d 1136, 1138 (9th Cir. 2002). The record contains no evidence of actual notice, and so we vacate the thirty concurrent months added to Defendant Riascos's sentence. We note that any claims that Defendant Riascos was not on supervised release at the time of the offense are meritless. *See United States v. Ramirez-Sanchez*, 338 F.3d 977, 979-80 (9th Cir. 2003).

Because we find no reversible error, we do not disturb the judgments against any defendant.

**AFFIRMED in part, VACATED in part, and REMANDED for correction of Defendant Riascos's sentence.**

***U.S. v. Jimenez***, No. 11-30265
***U.S. v. Riascos***, No. 11-30282
***U.S. v. Riascos***, No. 11-30283
***U.S. v. Zapata***, No. 12-30028
**Rawlinson, Circuit Judge, concurring in part and dissenting in part:**

I concur in the conclusions of the majority disposition that sufficient evidence supported the convictions, that admission of the expert and lay testimony was within the district court's discretion, that the custodial statement of Defendant Miguel Jimenez was voluntary, that the guilty plea statements made by Defendant Nivaldo Riascos were admissible, that the sentencing information complied with 21 U.S.C. § 851, and that the sentence imposed upon Defendant Hector Zapata was procedurally and substantively reasonable.

I do not concur in the conclusion that the revocation of Riascos' supervised release was improper.

Riascos' supervised release was revoked due to his violation of the standard condition that he not commit any federal, state or local crime while on supervised release. Riascos maintains that because he had no notice of this standard condition, it cannot serve as the basis for revocation of supervised release. However, Riascos' judgment of conviction gives notice of this condition immediately below the heading of SUPERVISED RELEASE. In addition, our precedent permits us to impute knowledge of a prohibition on further criminal

1

activity by the releasee. *See United States v. Simmons*, 812 F.2d 561, 565 (9th Cir. 1987). It is only "*when . . . the proscribed acts are not criminal*," that *actual notice is required*. *Id*. (emphasis added).

Because I am of the view that our precedent is consistent with the district court's revocation of supervised release, I would affirm the district court's judgment without remanding to vacate the sentence imposed upon Riascos following revocation of his supervised release.