**UNITED STATES of America,**
**Plaintiff–Appellant,**

v.

**Frederick Lamar HAMILTON,**
**Defendant–Appellee.**

**No. 97–50540.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 1, 1999.

Filed March 24, 2000.

---

Yvette M. Palazuelos and Patrick R. Fitzgerald, Assistant United States Attorneys, Los Angeles, California, for the plaintiff-appellant.

Michael Tanaka, Deputy Federal Public Defender, Los Angeles, California, for the defendant-appellee.

Before: BROWNING and TASHIMA, Circuit Judges, and KING,[1] District Judge.

KING, District Judge:

The United States cross-appeals Frederick Lamar Hamilton's sentence,[2] challeng-

---

**1.** Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

**2.** We affirm Hamilton's conviction in a memorandum disposition filed separately.

ing the district court's refusal to enhance Hamilton's sentence under 21 U.S.C. § 841(b)(1)(A). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and vacate and remand for resentencing.

## I.

A jury convicted Hamilton of conspiracy to manufacture piperidine cyclohexanolcarbonictrite ("PCP") in violation of 21 U.S.C. §§ 841(a)(1) and 846. The government then sought to enhance Hamilton's sentence under section 841(b)(1)(A) because he had a prior federal drug conspiracy conviction for possession with intent to distribute cocaine.[3] The government must follow 21 U.S.C. § 851, which provides in pertinent part:

No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial ... the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.... Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

21 U.S.C. § 851(a)(1).

On September 10, 1996 (before trial) the government filed a sentencing information alleging:

Defendant FREDERICK LAMAR HAMILTON, prior to committing the offense alleged in count one of the indictment ... had been finally convicted of a felony under the laws of the United States relating to narcotic drugs ... namely, on or about *July 23, 1996*, in case number 90–20095–01–H, in the United States District Court for the Western District of Tennessee, defen-

dant FREDERICK LAMAR HAMILTON was convicted of conspiracy to possess with intent to distribute cocaine, in violation of Title 21, United States Code, Section 846. (emphasis added).

The information had the wrong year. The prior judgment of conviction was entered on July 23, 1991, not July 23, 1996.[4] Everything else was correct: the case number, the court, the charge, the description of the prior offense, the month of the conviction, and the state in which he was convicted. At an October 11, 1996, arraignment on the sentencing information, Hamilton denied that he had been convicted of the charge set forth in the information:

The Court: In each of these counts of the Information, the government intends to establish your prior convictions in order to enhance the sentence. Do you desire the taking of a plea on this?

Counsel: At this time, yes, your Honor.

The Court: Okay. Mr. Frederick Hamilton, do you admit or deny the allegations contained in Count 1?

Hamilton: Deny.

The Court: You deny that you were convicted?

Hamilton: Yes.

On January 10, 1997 (after trial but before sentencing) the government filed an amended sentencing information, changing the date to July 12, 1991. This date was also technically incorrect: July 12, 1991, was when Hamilton was previously sentenced, not when the prior judgment of conviction was entered (which was July 23, 1991).

The trial court refused to consider the prior federal conviction because the year on the original information was wrong and

---

**3.** The relevant part of section 841(b)(1)(A) provides:

If any person commits [a section 841(a)] violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of impris-

onment which may not be less than 20 years[.]

**4.** We grant the government's Motion to Expand the Record to include a copy of the prior judgment of conviction.

because the government offered insufficient proof of clerical error. The court struck the amended information and indicated that, if the sentencing information had been correct, Hamilton might have pled guilty before trial. The court sentenced Hamilton to 168 months, rather than the statutory minimum of 240 months if the prior conviction was considered.

## II.

The government argues that the original sentencing information of September 10, 1996, gave Hamilton adequate notice of the government's intent to seek to enhance the sentence. Alternatively, it contends that the wrong year was "clerical error" within the meaning of section 851(a)(1), and was therefore subject to correction at any time before sentencing. It asserts that the post-trial amended sentencing information of January 10, 1997, was such a correction.

■ The sufficiency of a section 851(a) sentencing information is a question of law reviewed de novo. *See United States v. King,* 127 F.3d 483, 488 (6th Cir.1997), *cert. denied,* 522 U.S. 1130, 118 S.Ct. 1082, 140 L.Ed.2d 139 (1998).

■ A defendant convicted of a drug offense under section 841(a) is subject to a possible enhanced sentence for prior convictions for felony drug offenses. *See* 21 U.S.C. § 841(b). Before a sentence can be enhanced, the government must file an information stating in writing the previous conviction or convictions upon which it intends to rely. *See* 21 U.S.C. § 851. The information is mandatory; the government must file it before trial or entry of a guilty plea. *See id.* If the requirement is not satisfied, a court may not enhance a sentence even if a defendant has prior felony drug convictions. *See United States v. Layne,* 192 F.3d 556, 575 (6th Cir.1999), *cert. denied,* — U.S. —, 120 S.Ct. 1443,

146 L.Ed.2d 330 (2000). If a section 851 information is filed, the court must (1) ask a defendant whether he or she affirms or denies the prior conviction, and, if challenged, (2) hold a hearing to address issues raised which would except the defendant from increased punishment. *See* 21 U.S.C. § 851(b)-(c). The Ninth Circuit requires strict compliance with the procedural aspects of section 851(b). *See United States v. Garrett,* 565 F.2d 1065, 1072 (9th Cir. 1977) (vacating sentence for failure to comply with provision of section 851(b)). We have not, however, previously addressed the substantive requirements of an information under section 851(a). Nevertheless, other circuits have faced similar situations and have published ample authority which is instructive here.

■■ Section 851(a) ensures proper notice so a defendant is able to challenge the information. *See United States v. Steen,* 55 F.3d 1022, 1026 (5th Cir.1995). It allows a defendant to make an informed decision about whether or not to plead guilty. *See Kelly v. United States,* 29 F.3d 1107, 1109 (7th Cir.1994) ("Section 851(a) serves ... an additional purpose, to inform the defendant that she faces severe consequences if convicted. This procedure, one would hope, should lead to better informed decisions whether to proceed to trial"); *United States v. Johnson,* 944 F.2d 396, 407 (8th Cir.1991) (requiring information before jury selection begins, reasoning in part that this "allows the defendant ample time to determine whether he should enter a plea or go to trial, and to plan his trial strategy with full knowledge of the consequences of a potential guilty verdict"). Section 851(a) should be interpreted in a manner "so as to avoid elevating form over substance." *King,* 127 F.3d at 487.

■ Here, Hamilton could not have been confused about the prior conviction.[5]

5. Hamilton challenged the prior conviction on multiple grounds. First, he argued that a 1996 felony drug conviction was impossible because in 1996 he was already in custody for the instant charge. Second, he argued that the amended information was filed after tri-

al—contrary to section 851(a)—and should be dismissed. Third, he argued on the merits that the prior conviction (he had pled guilty) was constitutionally invalid in violation of Fed.R.Crim.P. 11.

The original information had the correct name, case number, court, court location, charge, description of offense, and date of conviction (though not the year). Moreover, the information alleged that Hamilton was convicted in the Western District of Tennessee, where he had been previously convicted on only one occasion. It gave Hamilton sufficient notice that the government was aware of his prior conviction and would seek to enhance his sentence under section 841(b)(1)(A). Hamilton received clear notice that the government intended to invoke section 851(a). *See Layne*, 192 F.3d at 575–76 (reasoning in part that section 851(a) is silent on the specificity with which the government must identify prior convictions); *King*, 127 F.3d at 489 (reversing preclusion of enhancement where information wrongly listed date of conviction because of apparent transposition error); *Steen*, 55 F.3d at 1027 (upholding information with the wrong court number that incorrectly stated conviction for delivery, rather than possession, of cocaine, but otherwise stated the correct date, venue and case number); *United States v. Gonzalez–Lerma*, 14 F.3d 1479, 1485 (10th Cir.1994) (upholding information with no prior case number, date or place of conviction, other than the state); *United States v. Campbell*, 980 F.2d 245 (4th Cir.1992) (upholding enhancement despite error in statutory section of previous conviction).

True, the statute requires strict compliance with the procedural aspects. An information must be timely filed before trial. *See, e.g., Neary v. United States*, 998 F.2d 563, 565 (8th Cir.1993). It must be properly served. *See, e.g., United States v. Weaver*, 905 F.2d 1466, 1481 (11th Cir. 1990). The defendant must be allowed the opportunity to deny the prior conviction. *See Garrett*, 565 F.2d at 1072. Nevertheless, an apparent typographical mistake in a section 851(a) sentencing information that otherwise satisfies due process notice requirements does not render the information invalid. To hold otherwise under these facts would "elevat[e] form over substance." *King*, 127 F.3d at 487. As long as the information provides clear notice to a defendant of the prior convictions (and the court gives an opportunity to attack convictions less than five years old), then the statute has been satisfied. *See Damerville v. United States*, 197 F.3d 287, 290 (7th Cir.1999) ("Due process demands only that adequate procedures be employed in determining when to include prior convictions in increasing a sentence. Procedures satisfy the requirements of due process by providing the defendant with reasonable notice and an opportunity to be heard regarding the possibility of an enhanced sentence for recidivism") (citations and internal quotation omitted). *See also Steen*, 55 F.3d at 1027; *Gonzalez–Lerma*, 14 F.3d at 1485.

The government complied with section 851. The trial court should have considered whether to enhance Hamilton's sentence. Thus, because the original information of September 10, 1996, provided sufficient notice, we need not address any issue regarding the amended information (e.g., whether the trial court erred in striking it because it was not filed before trial, or whether it corrected a "clerical error" in the original information).

## III.

For the foregoing reasons, we vacate Hamilton's sentence and remand for resentencing. We offer no opinion on the merits of any challenge to the constitutionality of the prior conviction.

VACATED and REMANDED.