[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 30, 2001
THOMAS K. KAHN
CLERK

_____

No. 00-14780

_____

D. C. Docket Nos. 98-00656-CV-T-25C
93-00106-CR-T-2

JUAN CARLOS PEREZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 30, 2001)

Before HULL, RONEY and GOODWIN*, Circuit Judges.

HULL, Circuit Judge:

_____

*Honorable Alfred T. Goodwin, U.S. Circuit Judge for the Ninth Circuit,
sitting by designation.

Defendant Juan Carlos Perez appeals the district court's denial of his motion to vacate his sentence under 28 U.S.C. § 2255. Perez's § 2255 motion alleges that the district court lacked jurisdiction to enhance his sentence based on his prior conviction because the government failed to file a timely information, as required by 21 U.S.C. § 851(a)(1). After review and oral argument, we affirm.

## I. Background

On September 1, 1993, Perez was indicted for conspiracy to distribute 100 kilograms or more of marijuana, and for possession with intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1). On November 15, 1993 the government filed a § 851(a)(1) information with the district court stating its intention to seek an enhanced sentence based on a prior conviction ("Original Information"). The Original Information was filed shortly after Perez was indicted and well before entry of his guilty plea.

The Original Information stated that "[o]n or about February 18, 1992, the defendant was convicted of distribution of cocaine, contrary to the laws and statutes of the State of Florida, Florida Statute Section 93.13." This Original Information correctly listed Perez's prior conviction as being a cocaine conviction in Florida. The Original Information also correctly listed the month and day of that drug conviction, but contained a mistake in the last digit of the year of the conviction. Perez was convicted on February 18, 1991 rather than on February 18,

1992, as stated in the Original Information. On April 18, 1994, the government mailed to Perez's counsel an amended information ("Amended Information"), which included the correct year of his prior conviction.

On April 25, 1994, Perez entered guilty pleas to both counts of the indictment. It is clear from the district court's plea colloquy with Perez on April 25, 1994 that Perez understood exactly the prior drug conviction to which both the Original and the Amended Information referred. See April 25, 1994 Transcript at 14-18. Additionally, the district court explained to Perez that "[t]he government has filed a notice of enhancement of those penalties based on what's alleged to be the fact that you were previously convicted of a felony offense." Id. at 15. Perez responded by arguing that he had already "paid for that crime twice." Id.

On July 12, 1994, Perez had a sentencing hearing. It is undisputed that Perez's counsel received the Amended Information prior to that sentencing hearing. In fact, on June 21, 1994, Perez filed a response to government's Amended Information, stating that "the Government alleges that the defendant was convicted of distribution of cocaine on or about February 18, 1991 in the State of Florida." Thus, Perez's own pleading evidences that he was on notice of the correct date of the drug conviction on which the government was relying to enhance his sentence.[1]

---

[1] At his sentencing hearing, Perez argued that the prior state court drug offense referred to in the Amended Information did not qualify as a prior "conviction" for enhancement purposes

3

Although both Perez and his counsel acknowledged notice and receipt of the Amended Information prior to the pronouncement of sentence on July 12, 1994, the government did not actually file the Amended Information with the court until December 23, 1994.

## II. Discussion

To obtain a sentencing enhancement based on a defendant's prior conviction, the government must comply with the notice requirements in 21 U.S.C. § 851(a)(1).[2]  Section 851(a)(1) provides that an information including the prior conviction relied upon for enhancement must be filed before trial or entry of a guilty plea, and that clerical mistakes in the information may be amended prior to pronouncement of the sentence, as follows:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon. . . . Clerical mistakes in the information may be amended at any time prior to the pronouncement of sentence.

21 U.S.C. § 851(a)(1).

---

because Perez had entered a nolo contendere plea in that case and the state court had withheld adjudication and placed Perez on probation. See July 12, 1994 Sentencing Transcript at 6-8. Perez's objection was overruled by the district court and is not at issue in this appeal. Id. at 18.

[2]Both parties concede that we should review de novo whether the district court had jurisdiction to enhance Perez's sentence. See Harris v. United States, 149 F.3d 1304, 1306 (11th Cir. 1998).

This Circuit generally has required strict compliance with the filing and service specifications of § 851(a)(1). For example, in United States v. Noland, 495 F.2d 529 (5th Cir. 1974), the former Fifth Circuit determined that § 851(a)(1) was not satisfied when the government filed an information one day after sentencing.[3] The Court held that, even though the defendant admitted his prior conviction and knew his sentence could be enhanced based on his prior conviction, "[t]he Government's argument that [the defendant] was not surprised by the enhanced sentence carries no weight in the face of the plain words of the statute." Id. at 533. "[T]he statute prohibits an enhanced sentence unless the Government seeks it and requires that to obtain enhancement, the Government must file an information prior to trial." Id.

Similarly, in Harris v. United States, 149 F.3d 1304 (11th Cir. 1998), this Court found that § 851(a)(1)'s requirements were not met by the government's orally informing the court and the defendant that it intended to file an information based on a prior conviction, when the government did not actually file the information until shortly after the defendant pled guilty. Id. at 1305-07. "[E]ven where a defendant receives actual notice that the government intends to rely on a previous conviction to enhance his sentence, the district court lacks jurisdiction to

---

[3]The Eleventh Circuit is bound by Fifth Circuit precedent decided before October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

5

impose an enhanced sentence *until* the government files an information as required under § 851." Id. at 1307 (emphasis in original).

There is one decision that acknowledges this Court's standard of strict compliance with the filing requirements of § 851(a)(1) but concludes that "the government complied with the mandatory requirements of section 851" even though the government did not technically filed the information with the court in time. In United States v. Weaver, 905 F.2d 1466 (11th Cir. 1990), the information was not actually filed with the court until four days after the start of trial but was timely served on the defendant's counsel prior to trial, never objected to by the defendant, and orally discussed with the court prior to trial. Id. at 1481. The Court again stressed its insistence upon "strict compliance with the mandatory language of the procedural requirements of section 851," but found that the government had complied with these requirements "[b]y personally serving [the defendant] and his counsel with a copy of the information prior to trial, and by advising the court orally that it was filing an information for purposes of sentence enhancement." Id.

In addition to strict compliance with § 851(a)(1)'s filing and service requirements, this Court has also emphasized the importance of the contents of the information. In United States v. Rutherford, 175 F.3d 899 (11th Cir. 1999), this Court made clear that the § 851(a)(1) information itself must provide the required notice of the particular prior conviction on which the government relies in seeking

an enhanced sentence. In <u>Rutherford</u>, the Court held that a timely filed information, which did not show which convictions the government intended to rely upon in seeking an enhancement, could not be combined with a contemporaneously filed pleading, which specifically listed a defendant's prior convictions, to satisfy § 851(a)(1). <u>Id.</u> at 904. As the Court stated, "[m]ost defendants know of their own convictions. If that knowledge alone was sufficient to trigger the enhancement procedure, no kind of notice intended by Congress would have been provided." <u>Id.</u>

Other circuits also have emphasized § 851(a)(1)'s filing and service requirements and have underscored the importance of the information's inclusion of sufficient details such as to give the defendant notice of the prior conviction relied upon by the government. Nonetheless, these circuits frequently have determined that an information complies with the requirements of § 851(a)(1) even if it contains an error in its contents, provided that the information serves to signal unambiguously the government's intent to seek an enhancement based on a particular prior conviction. <u>See, e.g.</u>, <u>United States v. Hamilton</u>, 208 F.3d 1165 (9th Cir.), <u>cert. denied</u>, 121 S.Ct. 164 (2000); <u>United States v. Steen</u>, 55 F.3d 1022 (5th Cir. 1995); <u>United States v. Gonzalez-Lerma</u>, 14 F.3d 1479 (10th Cir. 1994).

In doing so, these other circuits have distinguished between the strict filing and service requirements in § 851(a)(1) and the precise details required to be

present in an information. For instance, in <u>Hamilton</u> the government filed an information which included an incorrect date of conviction. The government amended the information in an attempt to correct the date, but again included an incorrect date. <u>Hamilton</u>, 208 F.3d at 1167. Thus, in <u>Hamilton</u> an amended information with the correct date was never served on the defendant or his counsel, much less filed with the court. Nonetheless, the Ninth Circuit held that the information was sufficient under § 851(a)(1), despite the incorrect date, because it provided the defendant with the necessary notice that the government was seeking to enhance his sentence based on a certain prior conviction. <u>Id.</u> at 1168-69. The court stated that "Section 851(a) should be interpreted in a manner so as to avoid elevating form over substance." <u>Id.</u> at 1168 (quotation omitted). "[A]n apparent typographical mistake in a section 851(a) sentencing information that otherwise satisfies due process notice requirements does not render the information invalid." <u>Id.</u> at 1169.

Similarly, the Fifth Circuit in <u>Steen</u> held that an information containing errors fulfilled § 851(a)(1)'s requirements, even though it misstated the court in which the defendant had been convicted and incorrectly stated that one of the convictions was for delivery rather than possession of cocaine. <u>Steen</u>, 55 F.3d at 1025.[4] The court noted that § 851(a)(1) does not "prescribe the form that such a

---

[4]In <u>Steen</u>, the government argued that the inaccuracies in the original information were clerical errors that it properly corrected in an amended information prior to sentencing. <u>Steen</u>,

8

statement must take or what data would suffice." Id. at 1027. The court concluded that "a district court may enhance a defendant's sentence, as long as the Government provides constitutionally sufficient notice of the previous convictions through an information filed prior to trial." Id.

Likewise, in Gonzalez-Lerma, the Tenth Circuit found that an information which did not contain the correct date, specify in detail the place of conviction, or provide a case number met § 851(a)(1)'s requirements. Gonzalez-Lerma, 14 F.3d at 1485. The court noted that § 851(a)(1) "does not specify the particular form which notice of enhancement must take." Gonzalez-Lerma, 14 F.3d at 1485 (quotation omitted). "Our inquiry must be whether the information which was filed provided [the defendant] reasonable notice of the government's intent to rely on a particular conviction and a meaningful opportunity to be heard." Id.

After reviewing the decisions discussed above, we agree with the district court that it had jurisdiction to enhance Perez's sentence for two reasons. First, we find that the government's Original Information satisfied the requirements of § 851(a)(1). As § 851(a)(1) requires, the Original Information was timely filed with the court and served upon Perez's counsel before the entry of Perez's guilty plea. Also as required by § 851(a)(1), the Original Information stated in writing the

---

55 F.3d at 1025. However, instead of determining whether the mistakes were clerical errors capable of amendment, the Court "assume[d], without holding" that the errors were not clerical and determined that the original, uncorrected, information was sufficient under § 851(a)(1). Id.

9

previous cocaine conviction in Florida relied upon by the government in seeking a sentencing enhancement and contained the correct date of the conviction except for the last digit of the year. Despite the incorrect last digit in the year of the prior conviction, the Original Information unambiguously signaled the government's intent to rely upon a specific prior cocaine conviction in Florida to enhance Perez's sentence. Perez does not allege any confusion as to which conviction the government referred in the Original Information. The Original Information therefore complied with the due process requirements discussed in the cases above. For all of these reasons, we conclude that the government's Original Information satisfied the requirements of § 851(a)(1).

Alternatively, we find that the Original Information's mistake as to the year of Perez's prior conviction was a clerical mistake, and that the government's Amended Information complied with § 851(a)(1)'s requirements for the amendment of clerical mistakes. Section 851(a)(1) provides that "[c]lerical mistakes in the information may be amended at any time prior to the pronouncement of sentence." 21 U.S.C. § 851(a)(1). The Original Information's error in the last digit of Perez's prior conviction was a clerical mistake and therefore capable of amendment under § 851(a)(1). See, e.g., United States v. King, 127 F.3d 483, 489 (6th Cir. 1997) (determining that an incorrect date of prior conviction included in an information is a clerical mistake as referenced in §

10

851(a)(1)).  Although the government did not file its Amended Information with the court until after Perez's sentencing, we find that, under the facts of this case, the government complied with § 851(a)(1)'s requirements regarding the amendment of clerical mistakes.  There is no question that the Amended Information was timely served upon Perez's counsel prior to the pronouncement of his sentence and that Perez understood before pronouncement of his sentence the specific conviction on which the government relied.  See Weaver, 905 F.2d at 1481.

While § 851(a)(1) does expressly state that an information itself must be filed with the court, it does not expressly state that an amendment correcting a clerical mistake in a timely-filed information must be filed with the court.  It is plausible, however,  to interpret the statute as requiring that the amendment of a clerical mistake be filed as well, and certainly, the better practice is for the government to file any amendment to an information correcting a clerical mistake with the court prior to the pronouncement of sentence.  We hold only that, under the undisputed factual circumstances here, where the Original Information was timely filed before the entry of Perez's guilty plea and the Amended Information correcting a single clerical mistake in that timely-filed Original Information was served on Perez's counsel and understood by Perez prior to the pronouncement of

11

his sentence, the government's Amended Information fulfilled § 851(a)(1)'s

requirements regarding the correction of a clerical error in an information.[5]

### III. Conclusion

For these reasons, we affirm the district court's order, filed on August 21,

2000, denying Perez's 28 U.S.C. § 2255 motion to vacate his sentence.

AFFIRMED.

---

[5]Having found that the government satisfied the requirements of § 851(a)(1) and affirmed the district court on this basis, we need not reach the government's argument that Perez's § 2255 motion to vacate was untimely. Further, we disagree with Perez's contention that the district court exceeded this Court's previous mandate in this case. This Court directed the district court to determine whether the Amended Information was filed prior to the entry of Perez's plea, and then to "apply its factual findings to the legal arguments." The district court acted within that mandate in making its determination that the government complied with § 851(a)(1).