# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
        *Plaintiff-Appellee,*

v.

GREGORY FRANK SPEROW,
        *Defendant-Appellant.*

No. 05-30483

D.C. No.
CR-96-00058-REJ

OPINION

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

Argued and Submitted
November 14, 2006—Portland, Oregon

Filed July 26, 2007

Before: Warren J. Ferguson, Diarmuid F. O'Scannlain and
Raymond C. Fisher, Circuit Judges.

Opinion by Judge Fisher;
Dissent by Judge O'Scannlain

9097

**COUNSEL**

Doron Weinberg, Weinberg & Wilder, San Francisco, California, for the defendant-appellant.

Karin J. Immergut, United States Attorney, Jonathan S. Haub (argued), Assistant United States Attorney, Portland, Oregon, for the plaintiff-appellee.

**OPINION**

FISHER, Circuit Judge:

Gregory Sperow appeals his conviction for possession of marijuana with intent to distribute, asserting that the post-indictment delay in his arrest amounted to a violation of his Sixth Amendment right to a speedy trial. Sperow also appeals an enhancement of his sentence, arguing that it was improperly based on a prior conviction not proven to the jury or admitted by the defendant, and that the government did not give him proper notice of its intent to seek such an enhancement. We affirm Sperow's conviction. However, we agree

that the government fatally compromised its notice of a proposed sentence enhancement and therefore vacate Sperow's sentence and remand for resentencing without the enhancement.

## I. Background

Gregory Sperow was indicted in February 1996 on one count of possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) & 846. Sperow was ultimately arrested in California in May 2004, and proceedings on the indictment began in July 2004. The district court denied Sperow's timely pre-trial motion to dismiss his indictment due to a violation of his Sixth Amendment right to a speedy trial.

On August 12, 2004, the government filed a Notice of Filing of Enhanced Punishment Notice Pursuant to 21 U.S.C. §§ 851 and 841(b)(1)(B)(vii). This notice stated that the government sought an enhanced mandatory minimum sentence "since this offense involves more than 100 kilograms of marihuana and because defendant has a prior conviction in United States District Court for the Southern District of California." The government attached a copy of the judgment in Sperow's previous conviction to the notice. In June 2005, the government determined that the marijuana involved in the offense weighed 98.5 kilograms, not over 100 kilograms as previously asserted. The government therefore filed a motion stating that it "hereby moves to strike the second paragraph of the grand jury indictment, which allegation established an enhanced penalty, on grounds subsequent investigation revealed that the amount of marijuana seized weighed no more than 98.5 kilograms of marijuana."

During Sperow's trial, in response to the court's inquiry about whether the drug amount could "affect any sentencing aspect," the government referred to its motion to strike and

asserted that Sperow was facing a "sentence of no more than 20 years." On June 22, 2005, a jury found Sperow guilty.

The probation office provided the parties with a presentence report on August 8, 2005. In an addendum, the probation office explained that:

> [T]he probation office posed a question to the government specifically asking about the validity of the notice of enhanced penalty after the statute to which it was tied, 21 USC 841(b)(1)(B), was stricken from the Indictment. At that time, the government communicated via email that the enhancement was gone. Based primarily on this assertion by the government and it's [sic] failure to mention the notice of enhanced penalty at trial, the probation office believe the enhancement was gone . . . .

The probation office later concluded that there had been a "mis-communication with the government regarding the notice of enhanced penalty" and recalculated its sentence recommendation in line with the government's "conten[tion that] the notice of enhanced penalty . . . is still valid." During sentencing Sperow argued that the government's § 851 notice was no longer valid in light of the government's subsequent motion to strike. The district court rejected this argument, concluding that a "pragmatic reading" and a "common sense interpretation[ ] shows that the Government did not withdraw or otherwise invalidate its notice to seek an enhanced penalty to 21 U.S.C. § 851" based on Sperow's prior conviction. The district court sentenced Sperow under the penalty provisions of § 841(b)(1)(D) and enhanced Sperow's sentence from five to 10 years based on his prior conviction for a felony drug offense.

## II.   *Sixth Amendment Right to a Speedy Trial*

**[1]** We hold that the delay between Sperow's indictment in 1996 and his arrest in 2004 did not violate Sperow's right to

a speedy trial. We consider four factors in assessing a defendant's claim that his Sixth Amendment right to a speedy trial has been violated: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *See Barker v. Wingo*, 407 U.S. 514, 530-32 (1972)*; United States v. Tanh Huu Lam*, 251 F.3d 852, 855 (9th Cir. 2001). These are " 'related factors and must be considered together with such other circumstances as may be relevant' "; none of the four alone is either " 'necessary or sufficient' " to finding a Sixth Amendment violation. *Tanh Huu Lam*, 251 F.3d at 856 (quoting *Barker*, 407 U.S. at 533).

**[2]** The government concedes that the delay between Sperow's indictment and his arrest was more than sufficient to trigger a speedy trial inquiry. *See Barker*, 407 U.S. at 530-31.

**[3]** The district court found that Sperow deliberately evaded the authorities after being linked to a shipment of marijuana in Oregon, specifically that Sperow "knew he was in trouble and intended to evade justice." The court further found that the government was reasonably diligent in attempting to locate and arrest Sperow. We review these findings of fact for clear error. *See United States v. Beamon*, 992 F.2d 1009, 1013 (9th Cir. 1993). Neither finding is clearly erroneous. Contrary to government counsel's exaggerated assertion at oral argument, Sperow did not "vanish[ ] from the face of the earth." Sperow used his real name in some business transactions and to pay taxes. Nonetheless, there is sufficient evidence supporting the district court's finding that Sperow deliberately concealed his whereabouts. Sperow adopted an alias, and an officer investigating other charges against Sperow testified that he informed the defendant's brother that Sperow was wanted and warned him against harboring a fugitive. Similarly, although Sperow's use of his real name in some instances cuts against a finding of governmental diligence, there is evidence to support the district court's finding, including the government's periodic credit and criminal history checks between 1996 and 2003, and Oregon officials' practice

of sending leads to counterpart agents in California who were also attempting to locate Sperow. Given the findings that Sperow deliberately evaded authorities and the government was reasonably diligent in attempting to locate him, the district court correctly found that Sperow himself was the reason for the delay in his arrest.

**[4]** Accordingly, the other two *Barker* factors also cut against Sperow's Sixth Amendment claim. When a suspect knows the authorities are looking for him and he seeks to avoid them, "*Barker*'s third factor, concerning invocation of the right to a speedy trial, . . . weigh[s] heavily against him." *Doggett v. United States*, 505 U.S. 647, 653 (1992). Moreover, because Sperow caused the delay in his arrest, he has to show actual prejudice in order to prevail on *Barker*'s final factor. *See United States v. Manning*, 56 F.3d 1188, 1194-95 (9th Cir. 1995). Sperow does not assert that he suffered actual prejudice as a result of the delay. In sum, we hold that Sperow's Sixth Amendment right to a speedy trial was not violated and affirm his conviction.

### III.   Sentence Enhancement

*United States v. Weiland*, 420 F.3d 1062, 1079-80 n.16 (9th Cir. 2005), forecloses Sperow's argument that raising the statutory maximum penalty from five to 10 years under 21 U.S.C. § 841(b)(1)(D) was unconstitutional based on a prior conviction that had not been established by a jury verdict or his own admission. *See also United States v. Torres-Hernandez*, 447 F.3d 699, 706 (9th Cir. 2006).

**[5]** However, we agree with Sperow that the government's notice of its intent to seek an increased sentence due to a prior conviction was insufficient under 21 U.S.C. § 851(a). It is well established that one of the purposes of § 851 is to "ensure[ ] proper notice so a defendant is able to challenge the information . . . [and] make an informed decision about whether or not to plead guilty." *United States v. Hamilton*,

208 F.3d 1165, 1168 (9th Cir. 2000) (citations omitted); *see also Vadas v. United States*, ___ F.3d ___, 2007 WL 1288335, *5 (2d Cir. 2007) (noting one of the purposes of § 851 is "to allow defendant to have ample time to determine whether to enter a plea or go to trial and plan his trial strategy with full knowledge of the consequences of a potential guilty verdict") (quoting *United States v. Williams*, 59 F.3d 1180, 1185 (11th Cir. 1995)); *United States v. Cooper*, 461 F.3d 850, 854 (7th Cir. 2006) ("The two purposes of the Section 851 notice provision are: (1) to allow the defendant to contest the accuracy of the prior conviction . . . and (2) to ensure the defendant has full knowledge of a potential guilty verdict."). This purpose was frustrated by the government's ambiguous motion to strike the second paragraph of the indictment.

The § 851 notice stated that it sought "a mandatory minimum term of imprisonment of ten (10) years imprisonment since this offense involves more than 100 kilograms of marihuana and because defendant has a prior conviction in United States District Court for the Southern District of California," and attached a copy of the judgment in the prior conviction. Subsequently, after determining that the weight of the marijuana involved was less than 100 kilograms, the government "move[d] to strike the second paragraph of the grand jury indictment, *which allegation established an enhanced penalty*." (Emphasis added).

**[6]** The effect the government's motion to strike had on the § 851 notice is susceptible to two interpretations. As the government now argues, the notice could be read as setting forth two alternative grounds for the enhancement: (1) that the amount of marijuana exceeded 100 kilograms and (2) that Sperow had a prior conviction. Under this reading, either ground would support an enhancement and the motion to strike negated only the drug quantity ground. As Sperow argues, however, an equally (if not more) plausible reading is that the motion intended to drop the enhancement altogether — an understanding the government itself initially adopted.

The drug quantity and prior conviction grounds in the § 851 notice can be read conjunctively. That is, the government pursued the enhancement because "this offense involves more than 100 kilograms of marihuana *and* because defendant has a prior conviction." (Emphasis added). So read, the failure of either of these predicates would revoke the entire notice of enhancement. This reading is all the more reasonable given the language of the motion to strike, which specified that the allegation to be struck was that "which . . . established an enhanced penalty," without any mention of a continuing intent to seek an enhanced penalty on an alternative ground.

**[7]** Most persuasive, the government itself acted as if its motion to strike invalidated the sentence enhancement. First, the prosecutor stated at trial, "The sentence of the defendant can be no more than 20 years. I've moved to strike, and I presume you allowed the motion to strike, the mandatory minimum language." Twenty years is the maximum penalty allowed under 21 U.S.C. § 841(b)(1)(C) for a conviction involving between 50 and 100 kilograms of marijuana where *no* prior conviction is alleged. The maximum if the defendant has a prior conviction for a felony drug offense is 30 years. *See* § 841(b)(1)(C). Second, when the probation office inquired about the status of the notice of enhancement in light of the stricken paragraph of the indictment, the government responded that "the enhancement was gone." In its presentence report, the probation office stated that "[b]ased primarily on this assertion by the government and [its] failure to mention the notice of enhanced penalty at trial, the probation office believed the enhancement was gone."

The government's reliance on *United States v. Severino*, 316 F.3d 939 (9th Cir. 2003) (en banc), embraced by the dissent, for the proposition that a § 851 notice is sufficient where the defendant "will have no trouble understanding which prior conviction the prosecutor means to identify" is misplaced. *Id.* at 943-44. *Severino* addressed a challenge to the accuracy of the prosecutor's description of the previous crime, and, in

contrast to this case, we explicitly noted that the defendant could not "reasonably assert that he was blindsided by the government" or "reasonably assert that he entered his plea expecting anything less than a 10-year mandatory minimum sentence." *Id.* at 945. That obviously was not the case here given the motion to strike, which rendered the § 851 notice fatally defective. *See Hamilton*, 208 F.3d at 1168.

**[8]** We disagree with the dissent's implication that initial compliance with § 851(a)'s four procedural requirements makes the government's notice to seek a sentence enhancement immune from challenge if later modified or withdrawn. Here, after properly filing its § 851 notice, the government's own ambiguous filings created the plainly reasonable impression — evidenced by the government's own later statements — that the notice had been withdrawn and was no longer effective. There is no doubt that Sperow was on notice that the government *initially* intended to seek a sentence enhancement based on a particular prior conviction. The question here is whether a reasonable person in Sperow's position would have known that the government continued with that intention despite its apparent withdrawal of the § 851 notice — knowledge that § 851 requires a defendant to have and that could have affected Sperow's plea bargain or trial strategies. We do not suggest that Sperow's purely subjective belief regarding the government's abandonment of the sentence enhancement governs the outcome here. Rather, it is the government's own actions and statements that would have led an objectively reasonable person to conclude that the government no longer intended to seek a sentence enhancement on *any* basis, and in fact *did* lead the probation office to so inquire and be told that "the enhancement was gone."[1]

---

[1]Whatever the merits of the dissent's suggestion that prosecutors might include a disclaimer in their § 851 notices advising defendants that only explicit, signed written withdrawal statements are binding, *see* Dissent at 9111 n.4, we do agree that clarity of expression is to be encouraged. We doubt, however, that a "wise" prosecutor would erroneously state in court that the defendant was subject to a maximum penalty that did not include an enhancement, lead the probation office to believe the "enhancement was gone" but then seek the very enhancement it had previously disclaimed.

**[9]** We therefore vacate Sperow's sentence and remand for resentencing without the enhancement.

**Conviction AFFIRMED; sentence VACATED and REMANDED for resentencing.**

---

O'SCANNLAIN, Circuit Judge, dissenting in part:

I must respectfully dissent from the majority's conclusion that the government's notice under 21 U.S.C. § 851(a) was insufficient.

I

A federal grand jury indicted Gregory Sperow, the defendant-appellant, on one count of possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841(a) & 846. The second paragraph of the indictment stated: "It is further alleged that the amount of marihuana involved exceeded 100 kilograms in violation of penalty provision 21 U.S.C. § 841(b)(1)(B)(vii)."

Before trial, the government filed the required information (the "§ 851 notice") giving Sperow "notice of its intent to seek enhanced punishment pursuant to Title 21 U.S.C. Sections 851 & 841(b)(1)(B)(vii)." The § 851 notice further provided that "[t]he government seeks a mandatory minimum term of imprisonment of ten (10) years imprisonment since this offense involves more than 100 kilograms of marihuana and because defendant has a prior conviction in United States District Court for the Southern District of California, Case Number 80-0639-E." The government attached a copy of the judgment, which indicated that Sperow was convicted for conspiracy to import a controlled substance, conspiracy to possess a controlled substance with intent to distribute, illegal

importation of a controlled substance, and conspiracy to violate currency reporting requirements.

The government subsequently filed a motion to strike the second paragraph of the *grand jury indictment* after determining that the weight of marijuana involved was less than 100 kilograms. The motion to strike stated that the government "moves to strike the second paragraph of the grand jury indictment, which allegation established an enhanced penalty, on grounds subsequent investigation revealed that the amount of marijuana seized weighed no more than 98.5 kilograms of marijuana, exclusive of packaging material." The government never amended or withdrew the § 851 enhancement notice.

## II

Sperow argues on appeal that the district court erred by increasing his sentence based on the prior conviction because the government withdrew the § 851 notice, or, in the alternative, because the government did not provide actual or fair notice.

## A

Pursuant to 21 U.S.C. § 841(b)(1)(D), a defendant who commits a federal drug violation involving less than 50 kilograms of marijuana, after a prior conviction for another drug offense, is subject to a maximum term of imprisonment of ten years. To enhance a sentence based on a prior conviction, however, the government must give notice before trial, or before entry of the plea of guilty, of the conviction to be relied upon. Section 851(a) states in relevant part:

> No person who stands convicted of an offense under [21 U.S.C. § 841 *et seq*.] shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an

information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

21 U.S.C. § 851(a).

In *United States v. Severino*, 316 F.3d 939 (9th Cir. 2003) (en banc), we explained that this section "is a procedural statute." *Id.* at 943. And there we held that "[t]hese procedures take form in four requirements": (1) "[t]he information must be in writing;" (2) "it must be filed with the court and served on the defendant or his counsel;" (3) "it must be filed and served before trial or before a guilty plea;" and (4) "the substance of the information must identify the previous conviction(s)." *Id.* With respect to the fourth requirement, we further held that "[i]f the defendant, reading the information in context, will have no trouble understanding *which prior conviction the prosecutor means to identify*, the information then has 'stat[ed] . . . the previous convictions,' and the statutory purpose of providing defendant notice has been satisfied." *Id.* at 943-44 (alterations and omissions in original) (emphasis added).

B

The majority does not contend, nor can it, that the government's § 851 notice failed to satisfy these requirements. The government filed a written information with the court and served it on the defendant before trial. Moreover, Sperow would "have no trouble understanding *which prior conviction* the government meant to identify." The § 851 notice clearly stated that the "defendant has a prior conviction in United States District Court for the Southern District of California, Case Number 8-0639-E" and attached a copy of the underlying judgment and commitment order. Therefore, the government satisfied the statutory requirements.

Straying from the requirements we set forth in *Severino*, the majority now concludes that the § 851 notice was defective by effectively focusing on which *subsection* rather than which *prior conviction* serves to enhance Sperow's sentence. The majority reasons that the § 851 notice sought an enhancement only if two predicates were satisfied: (1) the offense involved more than 100 kilograms of marijuana as described in 21 U.S.C. § 841(b)(1)(B)(vii), and (2) Sperow had a prior conviction. Because the government filed a motion to strike the allegation in the indictment that the weight of marijuana exceeded 100 kilograms, the majority concludes that the entire § 851 notice was revoked, because 21 U.S.C. § 841(b)(1)(B)(vii)[2] no longer served as a potential enhancement, but rather 21 U.S.C. § 841(b)(1)(D).[3] In effect, the majority's reasoning depends upon the irrelevant circumstance that the government identified the larger quantity subsection to give notice of its intent,[4] not that the government specified the incorrect prior conviction. Such reasoning turns § 851(a) on its head and elevates form over substance, something we have long cautioned against. *Severino*, 316 F.3d at 944. Nowhere in § 851(a) is the government required to specify which subsection of § 841 it is relying on for an enhancement. Instead, the statute, and our decision in *Severino*,

---

[2]Section 841(b)(1)(B)(vii) provides in relevant part that in a case involving 100 kilograms or more of marijuana, such person convicted of violating 21 U.S.C. § 841(a) shall be sentenced to a term of imprisonment of no less than five years and no more than 40 years, unless that person commits such violation after a prior felony drug conviction, in which case the term of imprisonment shall be no less than 10 years and no more than life imprisonment.

[3]Section 841(b)(1)(D) provides in relevant part that in a case involving less than 50 kilograms of marijuana, such person convicted of violating 21 U.S.C. § 841(a) shall be sentenced to a term of imprisonment of no more than five years, unless that person commits such violation after a prior felony drug conviction, in which case the term of imprisonment shall be no more than 10 years.

[4]Indeed, the majority acknowledges that the § 851 notice in this case was properly filed. *See ante*, at 9107.

simply require the government to identify which prior conviction it is relying on for an enhancement. Accordingly, because the § 851 notice in this case fulfilled the statutory requirements by providing Sperow with knowledge before trial that he faced an enhancement based upon his prior conviction, I cannot join the majority in rendering such notice inoperative.

Moreover, the majority places too much weight on two statements by the government. First, the majority refers to the government's statement well into the trial that "[t]he sentence of the defendant can be no more than 20 years." Unlike the majority, I do not believe such a misstatement during trial as to the maximum possible sentence revokes a § 851 notice that satisfies the statutory requirements. Second, the majority refers to the government's incorrect statement to the probation officer after trial that "the enhancement was gone." The majority's position in this case ultimately rests on the premise that "one of the purposes of § 851 is to ensure[ ] proper notice so a defendant is able to challenge the information . . . [and] make an informed decision about whether or not to plead guilty." *Ante*, at 9104 (alterations in original) (internal quotation marks omitted). While I believe the majority imprudently relies on that purported purpose of the statute to trump the plain meaning of its language, even under such approach the government's statement *after* trial is irrelevant because it surely could not influence Sperow's decision to plead guilty or to proceed to trial.

Finally, contrary to the majority's assertion, I do not take the position that once the government files § 851 notice that satisfies the statutory requirements, it cannot later amend or withdraw that notice. But I simply cannot accept the majority's "apparent withdrawal" doctrine in this case, which has no basis in our precedents. *Ante*, at 9107. The majority's novel contraption, with little explanation or justification, places a new burden on the government of ensuring until the end of the proceedings that an objectively reasonable person would conclude that the government continues to seek an enhanced

sentence based on a prior conviction. But such notion cannot be found in the statute.[5] Section 851 requires *notice*, "before trial, or before entry of a plea of guilty," of "the previous conviction to be relied upon" for the sentencing enhancement. And Sperow got it. The government's later amendment to the indictment (but not the § 851 notice) and its misstatement during trial were simply insufficient to operate as a withdrawal of the statutorily sufficient § 851 notice in this case.

### III

In sum, I would affirm the district court's determination that the government's § 851 notice satisfied the statutory requirements. The government gave Sperow "fair notice of which prior conviction the government had in mind for seeking a sentence enhancement" and it did not withdraw that notice. *Severino*, 316 F.3d at 944. Accordingly, I must respectfully dissent.

---

[5]In light of the majority's "apparent withdrawal" invention, a prosecutor may be wise in the future to file a terse notice containing only two sentences: (1) "The government seeks an enhanced sentence for the defendant's prior conviction for [identify prior conviction]"; and (2) "This notice is effective unless and until the government expressly amends or withdraws such notice in writing and signed by [name]." With such provision, no defendant could maintain a reasonable belief that the government apparently withdrew the previously filed § 851 notice based on a later amendment to the indictment or a slip of the tongue during the trial.