**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Henry Kapononuiahopili LII, Defendant—Appellant.**

No. 07–10099.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 3, 2007.

Filed Dec. 18, 2007.

Beverly Wee Sameshima, AUSA, Office of the U.S. Attorney PJKK Federal Building, Honolulu, HI, for Plaintiff–Appellee.

---

* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Deanna Dotson, Kapolei, HI, for Defendant–Appellant.

Before: FARRIS, BEEZER, and THOMAS, Circuit Judges.

MEMORANDUM *

Henry Kapononuiahopili Lii appeals the district court's imposition of a mandatory minimum life sentence following his guilty-plea conviction for distribution of 50 grams or more of methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A). The government filed an information seeking a mandatory life term pursuant to 21 U.S.C. § 851, citing Lii's two prior felony drug convictions. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We understand but reject Lii's argument that the government's filing of a sentence enhancement under 21 U.S.C. § 851 constituted vindictive prosecution. Nothing in the record suggests that the government filed the sentence enhancement in response to Lii's exercise of a constitutional or statutory right. *See United States v. Van Doren,* 182 F.3d 1077, 1081–82 (9th Cir.1999).

There was no violation of Lii's right against self-incrimination at his sentencing hearing. When a section 851 information is filed, we require strict compliance with the procedural aspects of section 851(b). *United States v. Hamilton,* 208 F.3d 1165, 1168 (9th Cir.2000). The district judge explained the consequences of the information and offered Lii the option of affirming his prior convictions or requesting an evidentiary hearing at which the government would bear the burden of proving his prior convictions. *See* 21 U.S.C. § 851(b).

The penalty under 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 851 neither violates the separation of powers doctrine nor subjects Lii to cruel and unusual punishment. *See United States v. Jensen,* 425 F.3d 698, 707–08 (9th Cir.2005); *United States v. LaBonte,* 520 U.S. 751, 762, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997). Lii's contention that his mandatory minimum sentence is cruel and unusual is foreclosed by *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), where the Supreme Court observed that "[s]evere, mandatory penalties may be cruel, but they are not unusual in the constitutional sense." 501 U.S. at 994, 111 S.Ct. 2680.

Lii's argument that the district court failed to use its sentencing discretion fails. *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), "does not bear on mandatory minimums." *United States v. Cardenas,* 405 F.3d 1046, 1048 (9th Cir.2005).

**AFFIRMED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.