**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAY 20 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VINCENT HUNTER,

Defendant - Appellant.

No. 10-10240

D.C. 4:09-cr-00527-DLJ-1

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
D. Lowell Jensen, District Judge, Presiding

Argued and Submitted May 9, 2011
San Francisco, California

Before: THOMAS, McKEOWN, and MURGUIA, Circuit Judges.

Defendant-Appellant Vincent Hunter appeals the decision of the district court denying his pretrial motion to suppress evidence and the sentences imposed for the two charges of which he was convicted, being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and possession of cocaine base in violation of 21 U.S.C. §844(a). For the reasons discussed below, we affirm in part

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

and reverse in part and remand for further proceedings.

The district court did not err in denying Hunter's motion to suppress. Reviewing the issue de novo, we agree with the district court that the officer's investigatory stop did not ripen into an arrest. The totality of the circumstances justified the methods the police officer employed to restrain Hunter, who was suspected to have fled from a stolen car, had suspiciously run on mere sight of the police, had made furtive movements by a bush, and had refused to comply with the officer's first request that he put his hands up. Given the threat of physical danger or flight Hunter posed, the officer was justified in drawing his gun and ultimately handcuffing him to conduct his investigation. *Washington v. Lambert*, 98 F.3d 1181, 1189 (9th Cir. 1996); *United States v. Greene*, 783 F.2d 1364, 1367-68 (9th Cir. 1986). Moreover, the circumstances provided reasonable suspicion supporting the investigatory stop of Hunter. Hunter argues for the first time on appeal that the search of the bush where the gun was found was a warrantless search. Hunter waived this argument by failing to raise it before the district court and providing no justification for failing to raise it until now. *United States v. Murillo*, 288 F.3d 1126, 1135 (9th Cir. 2002); *United States v. Wright*, 215 F.3d 1020, 1026 (9th Cir. 2000).

The district court erred, however, in imposing a 36-month sentence for

Hunter's drug possession charge. Because Hunter only possessed .23 grams of cocaine base, the maximum sentence he could have received under federal law was twelve months. 21 U.S.C. § 844(a). Although the sentence can be enhanced based on prior convictions, in order for the court to do so, the prosecution must file an information stating in writing the previous conviction or convictions upon which it intends to rely. 21 U.S.C. §851(a)(1). Compliance with this requirement is mandatory. *United States v. Hamilton*, 208 F.3d 1165, 1168 (9th Cir. 2000). In this case, the Government failed to comply with the requirements of §851(a), and the case should be remanded so that the district court can impose a sentence in compliance with §844(a).

The district court did not consider the Sentencing Guidelines mandatory in violation of *United States v. Booker*, 543 U.S. 220 (2005). Nor was the district court required to submit the issue of the gun possession's connection to the drug possession to a jury to be proved beyond a reasonable doubt pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in order to apply a 4-level enhancement pursuant to the United States Sentencing Guidelines ("U.S.S.G.") §2k2.1(b)(6). *See, e.g.*, *United States v. Gonzales*, 506 F.3d 940, 947 (9th Cir. 2007); *United States v. Polanco*, 93 F.3d 555, 567 (9th Cir. 1996). Cocaine possession in any amount is a felony under the laws of California, *see* Cal. Health & Safety Code §

3

11350(a), so this offense could under some circumstances support an enhancement pursuant to U.S.S.G. §2k2.1(b)(6) even if Hunter was only convicted of a misdemeanor under federal law. "Another felony offense," for purposes of subsection (b)(6), means any "Federal, *state*, or local offense . . . punishable by imprisonment for a term exceeding one year, *regardless of whether a criminal charge was brought, or a conviction obtained*." U.S.S.G. §2K2.1(b)(6) cmt. n.14 (emphasis added). On remand, however, the district court should more explicitly articulate its reasoning for applying the 4-level sentencing enhancement pursuant to U.S.S.G. §2k2.1(b)(6) and specifically explain the connection between the gun possession charge and the drug possession.

The district court's order denying Hunter's motion to suppress is AFFIRMED and the case is REMANDED for further proceedings consistent with this memorandum disposition.