**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-50118 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00360-JHN-1 |
| v. | |
| MILO KOSHAWN PERKINS, AKA Lo, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Jacqueline H. Nguyen, District Judge, Presiding

Argued and Submitted October 7, 2013
Pasadena, California

Before: PREGERSON, WARDLAW, and TALLMAN, Circuit Judges.

Milo Perkins appeals his jury conviction and sentence for distribution of

cocaine base in the form of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1),

(b)(1)(B)(iii). Perkins claims he was denied his right to a fair trial and to present a

defense when the district court refused to grant a number of his pre-trial discovery

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

requests and excluded the full audio and video recording, which included more than the drug transaction between Perkins and a confidential informant (CI). Perkins also requests a new sentencing hearing, arguing that the district court incorrectly found that the government provided sufficient notice to enhance his sentence pursuant to 21 U.S.C. § 851. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm the conviction and sentence.[1]

Perkins failed to make a prima facie showing of materiality, *United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990), and the district court did not abuse its discretion when it denied his discovery requests, *United States v. Shryock*, 342 F.3d 948, 983 (9th Cir. 2003). The agent notes requested by Perkins were reviewed *in camera*, and the district court properly denied Perkins's request when it found no inconsistencies between those notes and the final report. We also examined this evidence and found none. The district court likewise reviewed the redacted portions of the lab reports, and properly determined that the only exculpatory and relevant evidence—the fact that Perkins's fingerprints were not found—had already been disclosed. The information redacted from the lab reports pertained to cases unrelated to Perkins's. Finally, Perkins's request for information

---

[1] As the parties are familiar with the facts of the case, we repeat only those facts necessary to explain our decision.

2

about the CI was overbroad.  The government provided the CI's name, her redacted rap sheet, and a description of all benefits the CI received from the FBI and LAPD for Perkins's case and others.  The district court properly denied Perkins's request for a complete list of all cases on which the CI had worked. *See United States v. Rowland*, 464 F.3d 899, 909 (9th Cir. 2006) ("The defendant's need for information must be balanced against the value of ensuring the safety of informants.").  The disclosure of the CI's paid informant status and her rap sheet, as well as her availability to be called as a witness by the defense (who chose not to call her), constituted more than enough information for Perkins, particularly when balanced against the government's need to protect the CI's identity in other cases in which she was involved.  Given these facts, Perkins cannot demonstrate that the denial of his discovery requests prejudiced his substantial rights.  *Shryock*, 342 F.3d at 983.

Perkins was not denied his Sixth Amendment right to present a defense by the district court's exclusion of the full audio and video recording of the drug transaction.  Non-pertinent portions were properly excluded as irrelevant and as hearsay.  *See* Fed. R. Evid. 402, 801.  The district court offered Perkins multiple opportunities to proffer additional portions of the recording or use the recording to impeach testifying witnesses.  He failed to designate what more he needed.

3

Perkins was not denied the opportunity to present a defense; he simply failed to take advantage of the options available to him. *Cf. United States v. Pineda-Doval*, 614 F.3d 1019, 1032 (9th Cir. 2010) (finding a Sixth Amendment violation where the trial court's evidentiary ruling "essentially deprived [defendant] of all evidence in his favor").

The 21 U.S.C. § 851 information filed by the government three months prior to trial adequately apprised Perkins of the government's intent to seek a sentencing enhancement. *See United States v. Severino*, 316 F.3d 939, 943–44 (9th Cir. 2003) (en banc) ("If the defendant, reading the information in context, will have no trouble understanding which prior conviction the prosecutor means to identify, the information then has 'stat[ed] . . . the previous convictions,' and the statutory purpose of providing defendant notice has been satisfied.") (alterations in original); *see also United States v. Hamilton*, 208 F.3d 1165, 1169 (9th Cir. 2000) ("As long as the information provides clear notice to a defendant of the prior convictions (and the court gives an opportunity to attack the convictions less than five years old), then the statute has been satisfied."). Due process was satisfied here.

The conviction and sentence are **AFFIRMED**.