FILED

JAN 23 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos. 15-10400 |
| Plaintiff-Appellee, | 15-10511 |
| v. | D.C. No. 3:10-cr-00068-WHA |
| JOHN BROSNAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Submitted January 18, 2017[**]

Before:    TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

In these consolidated appeals, John Brosnan appeals pro se (1) the district

court's order denying his second motion to modify a condition of supervised

release requiring him to obtain approval from the district judge before filing any

civil action, and (2) the district court's order denying him permission to file a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

lawsuit pursuant to the challenged condition. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Brosnan's second motion to modify the supervised release condition repeated the arguments contained in his first motion, namely that the supervised release condition is overbroad and impermissibly infringes on his First Amendment rights. The district court, treating Brosnan's second motion as a motion to reconsider, properly denied relief. Brosnan's motion contained no new evidence or legal argument, and the initial denial was not "manifestly unjust." *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). To the contrary, the court acted within its discretion in imposing the contested condition. *See United States v. Stoterau*, 524 F.3d 988, 1002 (9th Cir. 2008). The challenged condition is reasonably related to the goals of deterrence and rehabilitation in light of Brosnan's previous abuse of the judicial system. *See* 18 U.S.C. § 3583(d)(1); *Stoterau*, 524 F.3d at 1002. Moreover, given the three-year duration of the condition and the fact that Brosnan retains the right to file non-frivolous lawsuits,[1] we conclude the condition involves no greater deprivation of liberty than is reasonably necessary. *See* 18 U.S.C. § 3583(d)(2). Finally, the

---

[1] The district court docket reflects that the district court has permitted Brosnan to file some lawsuits during the course of his supervised release term.

condition does not violate Brosnan's due process rights because Brosnan had adequate notice of the condition and an opportunity to be heard. *See United States v. Hamilton*, 208 F.3d 1165, 1169 (9th Cir. 2000).

Brosnan also challenges the district court's rejection of his proposed complaint seeking a declaratory judgment against the United States, on the ground that the supervised release condition pursuant to which it was rejected is improper. We have rejected Brosnan's challenge to the supervised release condition, and we agree with the district court that the rejected complaint was frivolous.

**AFFIRMED.**

15-10400 & 15-10511